■ NEW PALTZ CENTRAL SCHOOL DISTRICT, Appellant, v RELIANCE INSURANCE COMPANY, Respondent. — Appeal from an order of the Supreme Court at Special Term (Kahn, J.), entered January 26, 1983 in Ulster County, which, *inter alia,* denied plaintiff's motion for summary judgment and granted summary judgment dismissing the complaint to defendant. In 1977, plaintiff school district entered into a contract with Argenio Brothers, Inc. (Argenio) for the construction of an athletic facility at the New Paltz Central High School. Pursuant to the contract, Argenio furnished a performance bond issued by

---

* These actions have since been consolidated.

defendant as surety. The work commenced and various progress payments required under the contract were made to Argenio. Ultimately, however, disputes arose over performance and Argenio commenced an action against plaintiff for the final payment due under the contract, alleging in its complaint that all work it was required to perform had been completed. Despite having been granted an extension of time to answer, plaintiff never served an answer to Argenio's complaint and a default judgment was taken for the full amount of the final payment due under the contract. A subsequent motion by plaintiff to vacate the default was denied on the ground that it was due to law office failure. That decision was affirmed on appeal (*Argenio Bros. v New Paltz Cent. School Dist.,* 87 AD2d 879). Plaintiff then commenced the instant action against defendant surety on the performance bond, claiming substantial damages for Argenio's defective performance. Defendant interposed the affirmative defense of *res judicata* and collateral estoppel arising out of the prior judgment in Argenio's favor. Plaintiff now appeals from Special Term's granting of summary judgment dismissing the complaint based upon that affirmative defense. There should be an affirmance. In the prior action, Argenio obtained a judgment awarding it the final progress payment on the contract. Thus, it seems hardly disputable that the judgment represents a final determination on the merits of all claims concerning Argenio's performance of the contract, and that this would have *res judicata* (claim preclusion) effect if the instant action for nonperformance of the same contract had been brought against Argenio instead of the surety. In those circumstances, plaintiff's claim would be precluded even though the prior judgment was obtained by default (Siegel, NY Prac, § 451, p 597). We think that the jural relationship between Argenio, as principal on the bond, and defendant, as surety, is of such a nature that defendant stands in Argenio's shoes for *res judicata* purposes in the instant action. A person not a party to a prior action, but only derivatively or vicariously liable for the conduct of another, may invoke the *res judicata* effect of a prior judgment on the merits in that action in favor of the one primarily liable (see *Liberty Mut. Ins. Co. v Colon & Co.,* 260 NY 305, 310-311; Restatement, Judgments 2d, § 51, subd [1]). It has been held that if the surety's liability under a bond is solely to be measured by the principal's performance, a prior judgment on the merits in favor of the principal is a defense in an action against the surety (*Endurance Holding Corp. v Kramer Surgical Stores,* 227 App Div 582, 584-585; 10 Williston, Contracts [3d ed], § 1255, p 814; 57 NY Jur, Suretyship and Guaranty, § 242, p 604). Applying *res judicata* to preclude plaintiff's action based upon Argenio's nonperformance is also consonant with the New York test for identifying a precluded claim as set down in *Schuylkill Fuel Corp. v Nieberg Realty Corp.* (250 NY 304). Here, a recovery by plaintiff against the surety would give rise to the liabililty of Argenio to the surety for indemnification (57 NY Jur, Suretyship and Guaranty, § 353, pp 813-814). Such liability over would clearly impair or destroy the rights Argenio established through the prior judgment (*Schuylkill Fuel Corp. v Nieberg Realty Corp., supra,* p 307). The case principally relied upon by plaintiff (*Batavia Kill Watershed Dist. v Charles O. Desch, Inc.,* 83 AD2d 97, affd 57 NY2d 796) is not controlling. In that case, the contractor had recovered for work done and extras furnished prior to the owner's termination of the contract for insufficient performance. Since the contractor could be entitled to be paid for such items regardless of its later breach, its recovery in the first action was not inconsistent with the subsequent damage action of the owner arising out of the later breach, as further evidenced by the jury's finding in the first action that the owner was justified in its subsequent termination of the contract by reason of the contractor's delayed performance. In view of the foregoing, we need not further consider whether the prior default judgment, based upon law office

failure, was sufficient to preclude plaintiff from relitigating the issue of Argenio's performance under the doctrine of collateral estoppel. Order affirmed, with costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.