■ CENTRAL WATER HEATER & SALES CORP., Appellant, v LEO ADLER, Respondent.—In an action, *inter alia,* for the repayment of a loan, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Lonschein, J.), dated March 20, 1985, as, upon reargument, adhered to so much of a prior order of the same court, dated December 19, 1984, as granted that branch of the defendant's motion which was to dismiss the plaintiff's first cause of action on the grounds of arbitration and award, res judicata, and collateral estoppel.

Ordered that the order dated March 20, 1985 is reversed insofar as appealed from on the law, with costs, that branch of the defendant's motion which was to dismiss the first cause of action is denied, the first cause of action is reinstated, and the order dated December 19, 1984 is modified accordingly.

The defendant Leo Adler was a shareholder and officer of the plaintiff Central Water Heater & Sales Corp. (hereinafter Central). The defendant owned 32% of the corporation's shares, and his son Edward Adler owned 18%; the remaining shares were owned by Howard Goldberg (32%) and his son Norman Goldberg (18%). A shareholders' agreement executed by the Adlers and the Goldbergs contained an arbitration clause, the relevant portion of which provided that "[t]he parties hereto further agree that in the event of any difficulty, dispute or misunderstanding, regarding any of the matters set forth in this Agreement, or having reference to the business of the Corporation, including disputes as to the value of stock of any party, such controversy or dispute or misunderstanding shall be submitted to the American Arbitration Association

for decision, and it is agreed that such decision shall be accepted as binding and final".

As the result of certain disagreements among the shareholders, the Goldbergs commenced a dissolution proceeding, and the Adlers served a demand for arbitration which enumerated five specific matters in dispute. The Goldbergs' response to the demand for arbitration contained 10 separate counterclaims. In denying a motion by the Adlers to strike those counterclaims, the Supreme Court, Queens County (Graci, J.), held that the arbitration was not limited to the five issues set forth in the demand for arbitration, because the subject arbitration clause was a broad one and, therefore, neither side was precluded from raising any arbitrable issue. The arbitration was thereafter held, and an award was rendered which expressly stated that "[t]his AWARD is in full settlement of all claims and counterclaims submitted to this Arbitration".

Subsequent to the arbitration award (which was confirmed in April 1984), Central, through its attorney, demanded, *inter alia,* the repayment by Leo Adler of a certain $50,000 demand loan from Central, which was stated to have been one of the matters not decided by the arbitrator. Following Adler's noncompliance with the demand, Central commenced the instant action against him. In its first cause of action, Central sought repayment of the loan, which had allegedly been made during or prior to 1982.

The Supreme Court (Lonschein, J.) thereafter granted, with respect to this and another cause of action, the defendant Leo Adler's motion to dismiss, on the grounds of arbitration and award, res judicata, and collateral estoppel *(see,* CPLR 3211 [a] [5]). Upon motion by the plaintiff Central for reargument of that branch of Adler's motion which was to dismiss the first cause of action, reargument was granted and the court adhered to its prior determination. We reverse insofar as appealed from on the basis that the loan was neither the subject of nor decided by the arbitration.

We have examined the record and agree with Central that the loan to the defendant Adler was not among the matters in dispute which were submitted to arbitration pursuant to the shareholders' agreement; no statement at any arbitration session or communication with the American Arbitration Association mentioned such a loan, no factual evidence was presented at the arbitration regarding the loan, and no legal argument was addressed to any question of the loan or its repayment. In addition, Edward Adler stated, subsequent to

the arbitration award, that his father and Norman Goldberg still owed Central $100,000 for loans extended to them. Finally, there is no real question as to whether the loan was considered by the arbitrator, because the award was computed directly from Central's March 31, 1982 balance sheet and the loan was not made until a later date.

Thus, we conclude that the issue of the loan was not actually litigated in the arbitration. Although the doctrines of res judicata and collateral estoppel apply to arbitrations, where the matter was not part of the same transactions or series of transactions passed upon by the arbitrator and is the subject of a later action, the arbitration award will not be a bar to that action (Rembrandt Indus. v Hodges Intl., 38 NY2d 502, 504).

Furthermore, although the loan had been made prior to the arbitration, it was a demand loan. The cause of action for repayment of a demand loan does not arise until demand for repayment is made and refused (see, Marine Midland Bank v Vaeth, 88 Misc 2d 657, 660-661). The only matters requiring arbitration under the arbitration clause of the subject shareholders' agreement were difficulties, disputes or misunderstandings. There was no difficulty, dispute or misunderstanding concerning the loan until May 1984, subsequent to the confirmation of the arbitration award, when the defendant Adler refused to repay it. Thus, Central had no obligation to submit the issue of the loan to arbitration, and it would have been improper for the arbitrator to consider the loan even had he been aware of its existence. Bracken, J. P., Brown, Weinstein and Rubin, JJ., concur.