■ Huber Lathing Corp., Respondent, v Aetna Casualty and Surety Company, Appellant.—In an action to recover on a construction surety payment bond, the defendant appeals from a judgment of the Supreme Court, Rockland County (Edelstein, J.), entered July 1, 1986, which granted the plaintiff's motion to reargue, and, upon reargument, vacated a prior order of the same court, dated April 2, 1986, denying the plaintiff's motion for summary judgment and granted summary judgment to the plaintiff.

Ordered that the judgment is reversed, on the law, with costs, the order dated April 2, 1986 is reinstated, and the motion to reargue denied.

In the case at bar the plaintiff was hired by PRV Concrete Corp. (hereinafter PRV) to perform certain work on a sewage

project. PRV was a subcontractor for the general contractor who took out a payment bond with the defendant Aetna Casualty and Surety Company. Pursuant to the contract between the general contractor and PRV, PRV took out a payment and performance bond with Union Indemnity Insurance Company of New York (hereinafter Union Indemnity). Subsequently, PRV went into bankruptcy and the plaintiff commenced the instant action against the defendant alleging that there were outstanding debts owed to it for the work it had performed. The defendant interposed an answer which, *inter alia,* alleged that the plaintiff had not performed all of the work required of it, that a necessary party had not been joined and that it was not the proper party from which the plaintiff could seek recovery. The plaintiff's initial motion for summary judgment was denied based upon the existence of triable issues of fact. Thereafter, the plaintiff moved for reargument which the court granted and upon reargument the plaintiff's motion for summary judgment was granted. We reverse.

The motion for reargument should not have been granted. While we recognize that motions for reargument are addressed to the sound discretion of the Judge who decided the prior motion, there is no indication in the record before us that the court misapprehended the facts or law or mistakenly arrived at its earlier decision *(see, e.g., Rodney v New York Pyrotechnics Prods. Co.,* 112 AD2d 410, 411). This is especially true in light of our finding that there is a genuine issue of fact concerning whether the plaintiff completely and satisfactorily performed its work, which must be resolved at a trial.

We further conclude that the plaintiff may seek recovery against the defendant since the language of the payment bond indicates that the plaintiff is a member of the class of third parties to be benefited by the bond *(see, e.g., Novak & Co. v Travelers Indem. Co.,* 56 AD2d 418, *lv denied* 42 NY2d 806).

Finally, we cannot agree with the defendant that PRV or Union Indemnity were necessary parties to the instant action, since we determine that joinder of these parties is not necessary to accord complete relief between the persons who are parties to the action *(see,* CPLR 1001). With respect to PRV we note that it is not unusual for the beneficiary of a guarantee to sue a guarantor or surety alone, apart from any action against the principal debtor *(see, Walcutt v Clevite Corp.,* 13 NY2d 48, *remittitur amended* 13 NY2d 903), and there is no requirement that the beneficiary join both parties *(see,* 57 NY Jur, Suretyship and Guaranty, §§ 266-267).

As concerns Union Indemnity, we recognize that if a judgment is obtained against the defendant, the defendant will be subrogated to the plaintiff's rights and will be in a position to seek recovery from Union Indemnity, pursuant to the contract between PRV and the principal. However, as between the plaintiff and the defendant complete relief will be accorded the parties without the joinder of Union Indemnity. Niehoff, J. P., Lawrence, Weinstein and Kunzeman, JJ., concur.