■ VICTOR LOPEZ, Appellant, v PARKE ROSE MANAGEMENT SYSTEMS, INC., et al., Respondents.—In a proceeding pursuant to CPLR article 75 to stay two arbitration proceedings and to vacate a notice of arbitration, the petitioner appeals from an order of the Supreme Court, Westchester County (Martin, J.), entered November 13, 1986, which granted the motion of the respondent Parke Rose Management Systems, Inc. (hereinafter Parke Rose), to stay arbitration between the petitioner and Parke Rose and to vacate the petitioner's notice of arbitration.

Ordered that the order is reversed, on the law, with costs, the motion to stay all arbitration proceedings and to vacate the notice of arbitration is denied and the parties are directed to proceed to arbitration with regard to both proceedings.

The petitioner, Victor Lopez, was employed by the respondent Parke Rose Management Systems, Inc. as a building superintendent in a cooperative apartment complex owned by respondent City Centre Corporation, Inc. (hereinafter City Centre). As part of the collective bargaining agreement between Parke Rose and the petitioner's union, the respondent Service Employees International Union Local 32E (hereinafter Local 32E), the building superintendent was entitled to an apartment in the complex. The petitioner lived in this apartment for the greater portion of his term as building superintendent, which commenced in April of 1966, until October of 1984 when he moved into another unit in which he had previously purchased shares. Thereafter, Parke Rose, City Centre and Local 32E agreed that since the petitioner had moved into another unit, the "superintendent's apartment" would be rented on a month-to-month basis until such time that the petitioner resigned or was terminated. At that point, the unit would revert back to its prior status and be made available to future employee-members of Local 32E. The petitioner was dissatisfied with the agreement and on July 16, 1985, an arbitration was conducted on the matter, in accordance with his rights under the collective bargaining agreement. In sum, the arbitrator directed the petitioner to either move back into the superintendent's apartment or vacate the unit so that it could be rented in accordance with the agree-

ment between Parke Rose, City Centre and Local 32E. No attempt was made to set aside the arbitrator's determination.

After receiving notification of the arbitrator's opinion and award, the petitioner refused to relinquish the apartment and as a result Parke Rose terminated him from his employment at the City Centre cooperative. Local 32E filed a grievance with Parke Rose claiming that the petitioner was wrongfully discharged from his position as building superintendent. The matter was eventually submitted to arbitration and on September 30, 1985, the arbitrator rendered the following opinion and award with regard to the petitioner's termination:

"I dismiss the Union's grievance and find that the Employer has just cause for the discharge of Victor Lopez. I award Lopez five (5) weeks severance pay and any unused vacation, holiday or sick pay, pro-rata, together with $350 moving expenses.

"I direct that the monies be remitted to the Union and that Lopez vacate his apartment within thirty (30) days of the date of this award. When the Employer has notified the Union that Lopez has left his apartment in reasonably good condition they will remit the monies to Lopez as full and final settlement of all claims arising from his employment with this Employer".

Notwithstanding the arbitrator's award, the petitioner continued to occupy both apartments and on November 1, 1985, a holdover proceeding was commenced to recover possession of the superintendent's apartment.

Meanwhile, after receiving the arbitrator's opinion and award Local 32E sought the intercession of the New York State Mediation Board in the dispute between itself and Parke Rose over moneys due the petitioner. In a notice of arbitration dated October 30, 1985, the State Mediation Board notified Parke Rose that an arbitration would be scheduled to resolve the foregoing matter. Additionally, on December 30, 1985 the petitioner moved by order to show cause for an order pursuant to CPLR article 75 vacating and annulling the arbitrator's September 30, 1985, award. In an order dated May 2, 1986, the Supreme Court, Westchester County (Martin, J.), dismissed the petitioner's application as untimely and improperly commenced pursuant to CPLR article 75, which the court determined to be an improper vehicle for enforcing private rights under a contract. The petitioner did not appeal from that order.

During the pendency of the arbitration before the State Mediation Board, the petitioner commenced another arbitra-

tion seeking to enforce the terms of the arbitrator's award of September 30, 1985. In response to a notice of intent to arbitrate the matter, Parke Rose moved for an order pursuant to CPLR 7503 (b) staying all arbitration proceedings and vacating all notices of intent to arbitrate on the grounds that the proceedings were barred by the doctrines of res judicata and collateral estoppel. In the order appealed from, entered November 13, 1986, the Supreme Court, Westchester County (Martin, J.), granted the respondent's application, finding that the petitioner had failed to comply with the conditions imposed by the arbitrator in his September 30, 1985 opinion and award and that the most recent arbitration commenced by the petitioner was barred by the doctrine of res judicata. We disagree.

It is well settled that the doctrines of collateral estoppel and res judicata apply to arbitration awards with the same force and effect as they apply to judgments of the courts (see, Matter of American Ins. Co. [Messinger—Aetna Cas. & Sur. Co.], 43 NY2d 184; Rembrandt Indus. v Hodges Intl., 38 NY2d 502). However, where an issue not passed upon by an arbitrator is the subject of a subsequent action, the award is not a bar to that action (see, Rembrandt Indus. v Hodges Intl., supra, at 504; Central Water Heater & Sales Corp. v Adler, 128 AD2d 665, 667). In the instant proceedings, the court erred in passing upon the issue of whether the arbitration proceedings were barred by the res judicata effect of the prior arbitration award. As a rule, once it has been determined that the claim sought to be arbitrated is properly before the arbitrator and that the arbitration of the dispute is not against the public policy of this State, any further inquiry is foreclosed and all remaining issues, including the res judicata effect of a prior award and the collateral estoppel effect of the issues decided therein, are within the exclusive province of the arbitrator to resolve (see, Board of Educ. v Patchogue-Medford Congress of Teachers, 48 NY2d 812; Matter of Resnick v Serlin, 119 AD2d 825; Matter of Board of Educ. [Florida Teachers Assn.], 104 AD2d 411, 412, affd 64 NY2d 822). Thus, the issue of whether the petitioner's arbitration before the State Mediation Board is barred by the doctrines of collateral estoppel and res judicata must be left to that forum for determination.

Furthermore, since the arbitrator's September 30, 1985 opinion and award was made pursuant to the limited question of whether the petitioner was wrongfully discharged from his employment and merely set forth the steps which the petitioner was required to take in order to receive the award, the

question of whether he fulfilled these requirements was obviously not passed upon by the arbitrator. In addition, the requirement that the petitioner sign a release prior to receiving the award was never addressed by the arbitrator. Therefore, the arbitration of that issue cannot be precluded by the doctrine of collateral estoppel (see, Ryan v New York Tel. Co., 62 NY2d 494; Gilberg v Barbieri, 53 NY2d 285, 291; Matter of David Assocs. [Bevona], 109 AD2d 623).

Since these questions were never submitted to the arbitrator for resolution, the petitioner may not now be precluded from submitting them to arbitration for determination. Mollen, P. J., Kunzeman, Weinstein and Rubin, JJ., concur.