■ OLORI CRANE SERVICE, INC., Respondent, v ROCKLAND COUNTY SEWER DISTRICT No. 1 et al., Defendants; AETNA CASUALTY AND SURETY COMPANY, Appellant, and PRECONCO SALES CORP. et al., Respondents.

In connection with a construction project, the appellant the Aetna Casualty and Surety Company (hereinafter Aetna) executed a payment bond pursuant to which it bound itself to pay up to the sum of $4,782,000 to the Rockland County Sewer

District No. 1 (the owner) unless its principal, J. N. Futia Co., Inc., and Capitol-York Construction Corp. (a joint venture), the general contractor, made prompt payment to all subcontractors for the material and labor to be furnished by them in connection with the project. The plaintiff and the codefendants-respondents are subcontractors who furnished labor or materials on the project, having contracted to perform such work either with PRV Concrete Corp., Eastern Site Development Corp. (subcontractors to the general contractor) or with the general contractor itself. The plaintiff and the codefendants-respondents all made similar motions for partial summary judgment against Aetna on the bond. The Supreme Court granted these motions and directed the entry of an appropriate judgment. We affirm.

Each of the moving parties asserted that it had performed its contractual obligations satisfactorily. The only affidavit submitted in opposition to the various motions contains nothing but pure speculation that "the movants and cross-movants may well not have in fact completed their contracts". This, in our opinion, is insufficient to create a genuine issue of fact concerning whether the plaintiff and the codefendants-respondents completed their work. We have reviewed the record in the related case of *Huber Lathing Corp. v Aetna Cas. & Sur. Co.* (132 AD2d 597), in which this court held that summary judgment had been improperly granted to another subcontractor on the same project, and find that the affidavits in opposition submitted in that case, unlike the one now before us, contained concrete factual allegations that the subcontractor in question had not completed its contractual obligations.

We have examined the appellant's remaining contentions and find them to be without merit *(see, Huber Lathing Corp. v Aetna Cas. & Sur. Co., supra)*. Bracken, J. P., Lawrence, Rubin and Kooper, JJ., concur.