■ EM INDUSTRIES INCORPORATED, Respondent, v BIRMINGHAM FIRE INSURANCE COMPANY OF PENNSYLVANIA, Defendant and Third-Party Plaintiff-Appellant. CONTINENTAL CASUALTY COMPANY et al., Third-Party Defendants-Respondents, et al., Third-Party Defendants.—In an action for a judgment declaring that the defendant third-party plaintiff Birmingham Fire Insurance Company of Pennsylvania (hereinafter Birmingham) is obligated to defend and indemnify the plaintiff with respect to its alleged disposal of toxic wastes, Birmingham appeals (1) from an order of the Supreme Court, Westchester County (Dachenhausen, J.), entered September 29, 1986, which, *inter alia,* granted the cross motion of the third-party defendant Searle Medical Products, U.S.A., Inc. (hereinafter Searle Medical) for summary judgment dismissing the third-party complaint insofar as it is asserted against it on the grounds of "*res judicata,* collateral estoppel and/or release and discharge", (2) from a judgment of the same court, en-

tered October 14, 1986, which is in favor of Searle Medical and against it on the third-party complaint, and (3), as limited by its brief, from so much of an order of the same court, entered April 9, 1987, as granted the motion of the third-party defendant Continental Casualty Company (hereinafter Continental) for summary judgment dismissing the third-party complaint insofar as asserted against it, denied that branch of Birmingham's motion which was to strike the plaintiff's demand for punitive damages, and allegedly made ambiguous references to the "Dreyfus Street" site.

Ordered that the appeal from the order entered September 29, 1986, is dismissed; and it is further,

Ordered that the judgment entered October 14, 1986, is affirmed; and it is further,

Ordered that the order entered April 9, 1987, is modified on the law, by deleting the provision thereof which denied that branch of Birmingham's motion which was to strike the demand for punitive damages and substituting therefor a provision granting that branch of the motion; as so modified, the order entered April 9, 1987, is affirmed; and it is further,

Ordered that the third-party defendants-respondents are awarded one bill of costs, payable by Birmingham.

The appeal from the intermediate order entered September 29, 1986, must be dismissed because the right of the direct appeal therefrom terminated with the entry of judgment (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from that order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

We agree with the Supreme Court, Westchester County, that the third-party action of Birmingham, the plaintiff's insurer, for contribution against Searle Medical arising out of the delivery of toxic wastes by the plaintiff's subsidiary MCB Manufacturing Chemists, Inc. (hereinafter MCB) to the Bluff Road, South Carolina site, was barred by the doctrine of collateral estoppel. The record indicates that the United States of America instituted a lawsuit in the United States District Court for the District of South Carolina against the plaintiff herein to recover damages arising out of the delivery of toxic wastes by MCB to the Bluff Road site. The plaintiff then instituted a third-party action in the United States District Court for the District of South Carolina against Will Ross, Inc. (Searle Medical's predecessor) which had sold all of the "business and properties" of its MCB division to the

plaintiff pursuant to an agreement dated July 12, 1977. That agreement states in pertinent part, that the plaintiff agreed to assume "all * * * the liabilities * * * relating to the business of [MCB], of whatever kind, character or description, whether or otherwise existing or arising on or after April 30, 1977, which sellers [Will Ross, Inc.] would be * * * obligated to pay". By order dated December 23, 1985, the United States District Court for the District of South Carolina (Simons, J.), held that based on that language of the agreement, Will Ross, Inc. (Searle Medical's predecessor) was entitled to summary judgment dismissing the third-party complaint against it. Since Birmingham, as subrogee of the plaintiff herein, is seeking the same relief in its third-party complaint against Searle Medical, as the plaintiff unsuccessfully sought against Searle Medical's predecessor Will Ross, Inc. in Federal court, Birmingham's third-party complaint was properly dismissed insofar as it is asserted against Searle Medical as barred by principles of collateral estoppel (see, Schwartz v Public Adm'r of County of Bronx, 24 NY2d 65; Liberty Mut. Fire Ins. Co. v Perricone, 54 AD2d 975; New Paltz Cent. School Dist. v Reliance Ins. Co., 97 AD2d 566).

The Supreme Court, Westchester County, also properly granted the third-party defendant Continental's motion for summary judgment dismissing Birmingham's third-party complaint insofar as it is asserted against it. Continental never insured the plaintiff, nor did it become the plaintiff's insurance carrier by virtue of plaintiff's acquisition of the "business and properties" of MCB from Will Ross, Inc. Birmingham has failed to establish its alternative contentions that Continental is obligated to the plaintiff and therefore to it under an assignment theory (see, Ocean Acc. & Guar. Corp. v Southwestern Bell Tel. Co., 100 F2d 441, cert denied 306 US 658 [and cases cited therein]) or under a successor-enterprise liability theory, since there was no merger of companies as a result of the agreement dated July 12, 1977 (see, Schumacher v Richards Shear Co., 59 NY2d 239).

However, the plaintiff's demand for punitive damages should have been stricken since no facts are alleged to support such a demand (see, Fleming v Allstate Ins. Co., 106 AD2d 426, affd 66 NY2d 838, cert denied 475 US 1096).

We have considered the parties' remaining contentions and find them to be without merit. Mollen, P. J., Mangano, Eiber and Sullivan, JJ., concur.