GEORGEIOS DIMACOPOULOS, Also Known as GEORGE DIMACOPOULOS, Appellant, v CONSORT DEVELOPMENT CORP. et al., Defendants, and INDEMNITY INSURANCE COMPANY OF NORTH AMERICA et al., Respondents. (And a Third-Party Action.)

In 1985, the plaintiff entered into a contract with the defendant Consort Development Corp. (hereinafter Consort) for the rehabilitation of a building on the plaintiff's premises in Astoria, in Queens County. Consort executed performance bonds with Indemnity Insurance Company of North America (hereinafter IINA) and New York Surety Company (hereinafter NYSC). Dissatisfied with Consort's performance on the

rehabilitation project, the plaintiff refused to make certain payments upon Consort's demand. Thereafter, Consort commenced an arbitration proceeding pursuant to its contract with the plaintiff, claiming that the plaintiff had breached the contract by failing to render payment for completed work. In response, the plaintiff claimed Consort had breached the contract by performing in an unworkmanlike manner. An arbitration award in favor of Consort in the sum of $95,341.40 was rendered. The award of the arbitrator expressly stated that "[t]his AWARD is in full settlement of all claims submitted to this Arbitration". The arbitration award was confirmed by judgment dated June 29, 1987.

In the interim, the plaintiff commenced the instant action, *inter alia,* against Consort, alleging defective performance, and against IINA and NYSC on the performance bonds, claiming that they were obliged to complete work left unfinished by their principal's breach of contract. After issue was joined, IINA and NYSC separately moved for summary judgment dismissing the complaint insofar as it is asserted against them on the ground that the action was barred by the doctrines of res judicata and collateral estoppel arising out of the arbitration award in Consort's favor. The Supreme Court granted the motions.

It is fundamental that the doctrines of res judicata and collateral estoppel apply to issues resolved in an earlier arbitration proceeding *(see, Clemens v Apple,* 65 NY2d 746; *Rembrandt Indus. v Hodges Intl.,* 38 NY2d 502, 504; *Lopez v Parke Rose Mgt. Sys.,* 138 AD2d 575, 577). The res judicata effect of a prior arbitration award and the collateral estoppel effect of the determination of the issues decided therein are properly decided by the court *(see, Rembrandt Indus. v Hodges Intl., supra).* The burden of establishing the identity of the issue or issues is upon the proponent of collateral estoppel, whereas the burden of establishing the absence of a full and fair opportunity to litigate the issue or issues in the prior proceeding is upon the opponent *(see, Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65, 73; *Luppo v Waldbaum, Inc.,* 131 AD2d 443, 445; *Sucher v Kutscher's Country Club,* 113 AD2d 928, 929).

We have examined the record and conclude that IINA and NYSC succeeded in carrying their burden of establishing by competent evidence that one of the issues litigated in the prior arbitration proceeding was whether Consort had properly performed in accordance with the contract. The plaintiff failed in his opposing papers to raise a material issue as to the scope

of the arbitration or to establish that he did not have a full and fair opportunity to litigate the issue of Consort's breach in performance. The language of the award demonstrates that it constitutes a final determination on the merits of all claims concerning Consort's performance. Thus, as between Consort and the plaintiff, the arbitration award is conclusive.

Since the plaintiff is collaterally estopped from maintaining this action against Consort, he is also barred by the doctrines of res judicata and collateral estoppel from maintaining an action against IINA and NYSC for failure to honor their respective obligations as sureties to complete the work begun by Consort. For res judicata and collateral estoppel purposes IINA and NYSC stand in Consort's shoes and their liability is limited to the liability of Consort (see, *County of Rockland v Aetna Cas. & Sur. Co.,* 129 AD2d 606; *New Paltz Cent. School Dist. v Reliance Ins. Co.,* 97 AD2d 566; *Lamparter Acoustical Prods. v Maryland Cas. Co.,* 64 AD2d 693). Thus, the award in favor of Consort precludes any possible obligation by IINA and NYSC to the plaintiff.

Moreover, the obligation of the sureties, IINA and NYSC, under the performance bonds attached only where the plaintiff performed all of his obligations under the contract. Implicit in the arbitrator's award was a finding that the plaintiff had not fully performed his obligations. Thompson, J. P., Brown, Eiber and Rosenblatt, JJ., concur.