■ In the Matter of PETE KLEIN ASSOCIATES, INC., et al., Respondents, v BARBI GOLDENBERG et al., Appellants.—In a proceeding pursuant to CPLR 7503 and 7510, *inter alia,* to confirm an arbitration award dated July 5, 1989, and to stay a second arbitration of the underlying claims, Barbi and Bruce Goldenberg appeal, as limited by their brief, from (1) so much of a judgment of the Supreme Court, Westchester County (Ruskin, J.), entered March 1, 1990, as upon confirming the arbitration award dated July 5, 1989, is in favor of the

petitioners and against them in the principal sum of $10,189.44 and the total sum, inclusive of costs and interest, of $13,183.64, and which permanently enjoined the arbitration proceeding they had commenced against the petitioners and (2) an order of the same court, entered July 16, 1990, which denied their motion to amend the judgment.

Ordered that the judgment is modified, on the law, by deleting therefrom the sum of $10,189.44 and substituting therefor the sum of $9,189.44, and by deleting therefrom the sum of $13,183.64 and substituting therefor the sum of $12,183.64; as so modified, the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from the order is dismissed as academic in light of the disposition of the appeal from the judgment; and it is further,

Ordered that the respondents are awarded one bill of costs.

"It is fundamental that the doctrines of res judicata and collateral estoppel apply to issues resolved in an earlier arbitration proceeding" (Dimacopoulos v Consort Dev. Corp., 158 AD2d 658, 659). We find that the arbitration proceeding commenced by Barbi and Bruce Goldenberg was properly enjoined.

Further, upon reviewing the award of the arbitrator granted in favor of the petitioners, the record clearly demonstrates that the amount of the award was incorrectly entered by the Clerk of the Supreme Court. Mangano, P. J., Bracken, Pizzuto and Santucci, JJ., concur.