(February 14, 1994)

■ BANK OF EAST ASIA, LTD., Respondent, v LEONARD J. SMITH et al., Appellants, et al., Defendants. [607 NYS2d 431] —In an action, *inter alia,* to foreclose a mortgage, the defendants Leonard Jay Smith and Marilyn Smith appeal (1) from an order of the Supreme Court, Nassau County (O'Shaughnessey, J.), dated December 18, 1991, which, *inter alia,* granted the plaintiff's motion for summary judgment, and (2) by permission, from an order of reference of the same court, entered January 24, 1992.

Ordered that the orders are affirmed, with one bill of costs.

In 1989, the plaintiff loaned $202,000 to the defendants. The defendant Leonard Jay Smith, individually and as attorney in fact for the defendant Marilyn Smith, executed a mortgage note on real property to secure the loan. The purpose of the loan was to provide a line of credit and working capital for Plump, Smith and Seltzer, P. C., the law firm of which Leonard Jay Smith was a member. The firm and the other members of the firm executed guarantees of the loan. At the end of 1989, Leonard Jay Smith left the firm. Subsequently, the plaintiff brought an action, *inter alia,* to foreclose the mortgage, alleging that no payments were made on the loan subsequent to May 1, 1990. The Supreme Court awarded summary judgment to the plaintiffs. We affirm.

The appellants' contention that the plaintiff failed to join the law firm and its other members as necessary parties is

raised for the first time on appeal and is without merit. No rights of the law firm or its other members are threatened by the present action because they have no interest in the property foreclosed. They were merely guarantors. Therefore, the joinder was permissive, not compulsory *(see, Huber Lathing Corp. v Aetna Cas. & Sur. Co.,* 132 AD2d 597).

Nor is there a triable issue of fact as to the appellants' liability on the note and the validity of the mortgage *(see, Amherst Factors v Kochenburger,* 4 NY2d 203, 207-208).

We find no inconsistency in the granting of summary judgment and the order of reference. The instruction to the Referee to take testimony relates to the Referee's assignment to compute the amount due to the plaintiff. Sullivan, J. P., Pizzuto, Joy and Goldstein, JJ., concur.