■ HEMPSTEAD CONCRETE CORP., Respondent-Appellant, v ELITE ASSOCIATES, INC., et al., Respondents, and BOARD OF EDUCATION, LONGWOOD CENTRAL SCHOOL DISTRICT, Defendant and Third-Party Plaintiff-Respondent. CIGNA PROPERTY AND CASUALTY INSURANCE COMPANY, Third-Party Defendant-Appellant-Respondent. [611 NYS2d 237] —In an action, *inter alia,* to foreclose on a mechanic's lien, (1) the third-party defendant appeals from so much of an order of the Supreme Court, Suffolk County (Coyle, J.), dated April 30, 1991, as denied its cross motion for summary judgment dismissing the third-party complaint, and (2) the plaintiff cross-appeals from so

much of the same order as denied its motion for leave to amend its complaint.

Ordered that the order is modified, on the law and as a matter of discretion, by (1) deleting the provision thereof which denied the cross motion of the third-party defendant for summary judgment dismissing the third-party complaint, and substituting therefor a provision granting the cross motion and dismissing the third-party complaint, and (2) adding thereto a provision granting so much of the plaintiff's motion which was for leave to serve an amended complaint asserting the fourth cause of action set forth in the proposed amended complaint; as so modified, the order is affirmed insofar as cross-appealed from, and the plaintiff's time to serve an amended complaint asserting the fourth cause of action set forth in the proposed amended complaint is extended until 20 days after service upon it of a copy of this decision and order, with notice of entry; and it is further,

Ordered that the plaintiff and the third-party defendant are awarded one bill of costs, payable by the defendant third-party plaintiff-respondent.

On March 13, 1985, the third-party defendant Cigna Property and Casualty Insurance Company (hereinafter the Surety) issued a "labor and material payment bond" in connection with a construction contract between the defendant third-party plaintiff Board of Education, Longwood Central School District (hereinafter the District) and the defendant Elite Associates, Inc. (hereinafter Elite), the general contractor and the principal under the bond. Elite then retained the plaintiff Hempstead Concrete Corp. as a subcontractor. In October 1987 before the completion of the construction project, the District terminated its contract with Elite. At that time, the plaintiff was allegedly owed money for its labor and materials. On or about March 15, 1988, the plaintiff filed a mechanic's lien against the District pursuant to Lien Law § 5.

On or about August 30, 1988, the plaintiff commenced this action, *inter alia,* to foreclose on the mechanic's lien. On October 17, 1988, the District served a third-party summons and complaint on the Surety seeking indemnification. On or about February 8, 1990, the plaintiff moved to amend its complaint, *inter alia,* to assert a cause of action against the Surety for the money owed pursuant to its subcontract. The Supreme Court denied the plaintiff's motion to amend its complaint.

We conclude that the Supreme Court should have exercised

its discretion and granted the plaintiff's motion to the extent of granting leave to assert a cause of action directly against the Surety for the contract balance. The court addressed only the plaintiff's proposed claim for delay damages. CPLR 3025 (b) provides that leave to amend a pleading "be freely given upon such terms as may be just". Whether to grant or deny leave to amend is committed to the Supreme Court's discretion (see, Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959). However, where the court has failed to exercise any discretion, this Court has the power to exercise its own discretion (see, NY Const, art VI, § 4 [k]; Maritime Fish Prods. v World-Wide Fish Prods., 100 AD2d 81). Leave to amend may be denied where the opposing party has been or would be prejudiced by a delay in seeking the amendment (see, Edenwald Contr. Co. v City of New York, supra, at 959; Fahey v County of Ontario, 44 NY2d 934, 935; Ross v Ross, 143 AD2d 429).

The Surety has failed to demonstrate that it has been, or will be, prejudiced by the delay in this case. For Statute of Limitations purposes, the cause of action asserted in the amended complaint relates back to the date of service of the third-party complaint (see, CPLR 203 [f]; Duffy v Horton Mem. Hosp., 66 NY2d 473, 478). There is an issue of fact as to when Elite ceased work on its contract. Thus, contrary to the Surety's contention, we cannot find as a matter of law that this additional claim is barred by the one-year limitation period contained in the payment bond.

Even if, as the Supreme Court held, the District had the right to seek indemnification, the District failed to demonstrate that it has suffered or will suffer any damages as a result of the plaintiff's lien foreclosure claim. Pursuant to Lien Law § 5, a person performing labor or furnishing materials to a contractor who has a contract with the State or a public corporation for a public improvement, has a lien "to the extent of the amount due or to become due on such contract". Thus, the plaintiff's lien, if valid, may be enforced only to the extent that the District owes money to Elite (see, Chittenden Lbr. Co. v Silverblatt & Lasker, 288 NY 396). If there is no money owed to Elite, then there is no fund to which the plaintiff's lien can attach (see, Stanton v Babor-Comeau & Co., 168 Misc 190, affd 260 App Div 831; 1952 Opns Atty Gen 118). In either case, the District would not be required to expend its own moneys to satisfy the lien and, therefore, it will not sustain any damages for which it could

seek indemnification. Consequently, the Surety's cross motion for summary judgment should have been granted.

The plaintiff's and the Surety's remaining contentions are without merit. Rosenblatt, J. P., Ritter, Pizzuto and Altman, JJ., concur.