■ EDWARD A. ZACHER et al., Plaintiffs, v OAKDALE ISLANDIA LIMITED PARTNERSHIP, Defendant and Third-Party Plaintiff-Appellant, BUILD, INC., Respondent, et al., Defendants. FIRST INDEMNITY OF AMERICA INSURANCE COMPANY et al., Third-Party Defendants-Respondents. [621 NYS2d 376] —In an action to foreclose a mechanic's lien, the defendant third-party plaintiff Oakdale Islandia Limited Partnership appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Lama, J.), dated January 6, 1993, as denied its motion for partial summary judgment on the first cause of action in the third-party complaint and for leave to amend the third-party complaint.

Ordered that the order is modified, on the law, by deleting

the provision thereof which denied that branch of the appellant's motion which was for leave to amend the third-party complaint and substituting therefor a provision granting that branch of the motion to the extent of granting the third-party plaintiff leave to serve an amended third-party complaint asserting a cause of action under performance bond no. 018904 and adding Concord Development, Inc., as a party, and by adding a provision granting the appellant leave to renew that branch of its motion which was for partial summary judgment on the first cause of action in the third-party complaint after service of an answer by First Indemnity of America Insurance Company to the amended third-party complaint; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that the third-party plaintiff's time to serve the amended third-party complaint is extended until 20 days after service upon it of a copy of this decision and order, with notice of entry; and it is further,

Ordered that the appellant is awarded one bill of costs.

In 1986, the defendant third-party plaintiff Oakdale Islandia Limited Partnership (hereinafter Oakdale) entered into a construction contract with the defendant Build, Inc. (hereinafter Build), in which Build agreed to construct a hotel on property owned by Oakdale. The third-party defendant First Indemnity of America Insurance Company (hereinafter FIA) issued two performance bonds, no. 018903 and no. 018904, which provided that in the event of a default by Build, FIA would remedy the default or complete the contract. During the course of construction, numerous disputes arose between Build and Oakdale concerning their respective obligations under the contract and several subcontractors filed mechanic's liens against the property. In December 1988, the plaintiffs, Edward A. Zacher and George Toole d/b/a AA Contracting, a subcontractor, commenced the instant action to foreclose a mechanic's lien, naming Oakdale and Build as defendants. Oakdale and Build asserted cross claims against each other for breach of the construction contract. Oakdale also commenced a third-party action against FIA seeking, *inter alia,* payment under performance bond no. 018903. Pursuant to the construction contract, Oakdale and Build submitted their claims to arbitration and the arbitrators directed Build to pay Oakdale $245,000 plus interest.

The Supreme Court confirmed the arbitration award, entered judgment against Build, and discharged the mechanic's liens. In its answer to the third-party complaint, FIA claimed

that the arbitration award included damages that were outside the scope of the performance bond and that Oakdale was not a proper claimant under the bond because Oakdale's general partner, Concord Development Company, Inc. (hereinafter Concord), was the named obligee. Thereafter, Oakdale moved for partial summary judgment on the first cause of action in the third-party complaint seeking indemnification from FIA to remedy Build's default in failing to pay the arbitration award. Oakdale also sought leave to amend the third-party complaint in order, *inter alia,* to add a cause of action for payment under performance bond no. 018904 and to add its general partner, Concord, as a party. In denying Oakdale's motion the Supreme Court stated, "now before the court is Oakdale's motion for summary judgment", and "having concluded that this matter must be litigated [the court] denies the present motion". The record is devoid of evidence that the court even considered that branch of Oakdale's motion which was for leave to amend the third-party complaint.

It is well settled that a motion to amend a pleading should be freely given absent a showing of prejudice or surprise to the opposing party *(see,* CPLR 3025 [b]; *Hauptman v New York City Health & Hosps. Corp.,* 162 AD2d 588; *Matter of Consolidated Edison Co. [Neptune Assocs.],* 143 AD2d 1012). Whether to grant or deny leave to amend is committed to the Supreme Court's discretion *(see, Edenwald Contr. Co. v City of New York,* 60 NY2d 957). However, where the court has failed to exercise any discretion, this Court has the power to exercise its own discretion *(see, Hempstead Concrete Corp. v Elite Assocs.,* 203 AD2d 521).

Here, we conclude that the Supreme Court should have exercised its discretion and granted those branches of Oakdale's motion which were to add its general partner, Concord, as a plaintiff and to add a cause of action under performance bond no. 018904. Since the performance bonds identify the general partner as the obligee, the branch of the motion which was for leave to amend the third-party complaint should have been granted so that the general partner could assert a claim under the performance bonds *(see, Zacma Cleaners Corp. v Gimbel,* 149 AD2d 585). FIA has failed to demonstrate prejudice or surprise by the proposed amendments. However, the proposed amendment to add a cause of action against FIA for bad faith in failing to pay under the performance bonds is without merit and was properly denied *(see, Aetna Cas. & Sur. Co. v City of New York,* 160 AD2d 561).

With regard to the motion for summary judgment, we note that FIA's defenses relating to the scope and content of the arbitration award are without merit. While FIA may raise defenses arising under the terms of its performance bonds, the question of Build's liability under the construction contract may not be relitigated and the arbitration award will be binding on the principal and the surety (see, *Matter of Fidelity & Deposit Co. v Parsons & Whittemore Contrs. Corp.,* 48 NY2d 127, 131-132; *Burdick Assocs. Owners Corp. v Indemnity Ins. Co.,* 166 AD2d 402; *Dimacopoulos v Consort Dev. Corp.,* 158 AD2d 658).

The parties' remaining contentions are without merit. Sullivan, J. P., Thompson, Copertino and Pizzuto, JJ., concur.