■ In the Matter of A. ALEXANDER LARI, Also Known as AKBAR LARI, Respondent, v CHARLES A. SLANETZ, JR., Appellant. [658 NYS2d 691] —In a proceeding pursuant to CPLR article 75 to stay arbitration, Charles A. Slanetz, Jr., M.D., appeals from an

order of the Supreme Court, Nassau County (Schmidt, J.), entered April 3, 1996, which (1) granted the petitioner's application to stay the arbitration, and (2) denied the appellant's cross motion to dismiss the petition and compel arbitration.

Ordered that the order is affirmed, with costs.

The parties to this action are the sole shareholders in a corporation. The parties had previously participated in an arbitration which resulted in an award which was subsequently confirmed in part by the Supreme Court. Thereafter, the appellant sought to "re-start" the arbitration to resolve certain matters he considered to have been left "unresolved" by the arbitrator. However, the appellant was precluded from reopening and continuing the original arbitration by a determination of the American Arbitration Association (hereinafter the AAA). Instead, he was advised by the AAA to file a new demand for arbitration. The petitioner, however, was granted a stay of the new arbitration.

The appellant's new demand for arbitration seeks a final distribution of the corporation's assets and funds upon its dissolution, which, in essence, is what was awarded in the original arbitration. Accordingly, any new arbitration concerning the dissolution and final accounting is barred by application of the principles of res judicata and a permanent stay of the arbitration was proper (*see, Matter of Aetna Cas. & Sur. Co. v Bonilla*, 219 AD2d 708, 709; *Matter of Klein Assocs. v Goldenberg*, 183 AD2d 717). In so holding, we reject the argument that the petitioner had "participated" in the new arbitration and was therefore precluded from seeking a stay thereof (*see,* CPLR 7503 [b]; *cf., Matter of National Cash Register Co. [Wilson]*, 8 NY2d 377, 381-383; *Matter of Allstate Ins. Co. v Peterson*, 226 AD2d 528).

In light of the above, we need not address any further contentions raised by the parties. Miller, J. P., Copertino, Sullivan and Altman, JJ., concur.