■ VENUS MECHANICAL, INC., Appellant, v INSURANCE COMPANY OF NORTH AMERICA, Respondent. [667 NYS2d 60] —In an action to recover on a labor and material payment bond, the plaintiff appeals from an order of the Supreme Court, Queens County (Berke, J.), dated March 27, 1997, which denied its motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiff, Venus Mechanical Inc. (hereinafter Venus), performed renovation work on the Chapin Home for the Aging (hereinafter Chapin) pursuant to a subcontract with the general contractor, Humphreys & Harding, Inc. (hereinafter Humphreys). The defendant Insurance Company of North America (hereinafter INA) issued a material and labor payment bond naming Humphreys as the principal. The bond gave a subcontractor who had not been paid in full the right to sue on the bond. A dispute arose regarding payment for Venus's work. Venus submitted the dispute to arbitration under the terms of the subcontract and commenced this action against INA to recover on the bond. The arbitrator determined that Humphreys was required to pay $30,066.80 to Venus "upon receipt of payment from the Chapin Retirement Home". Venus moved to confirm the arbitration award in the Supreme Court, Suffolk County, and the judgment which confirmed the award included the provision in the award which made payment to Venus contingent upon the receipt by Humphreys of payment from Chapin. After the award was confirmed, Venus moved for summary judgment in the instant action.

The Supreme Court properly denied the motion. The liability of INA as the surety is measured by the liability of Humphreys, its principal (*see, Dimacopoulos v Consort Dev. Corp.*, 158 AD2d 658; *Lamparter Acoustical Prods. v Maryland Cas. Co.*, 64 AD2d 693), and INA stands in its principal's shoes for collateral estoppel purposes (*see, Burdick Assocs. Owners Corp. v Indemnity Ins. Co.*, 166 AD2d 402; *Dimacopoulos v Consort Dev. Corp., supra; County of Rockland v Aetna Cas. & Sur. Co.*, 129 AD2d 606; *New Paltz Cent. School Dist. v Reliance Ins. Co.*, 97 AD2d 566). Accordingly, INA may rely on, as a defense, the arbitrator's determination that Humphreys' liability is contingent upon payment by Chapin, and Venus is

precluded from relitigating that issue in this action (see, Matter of Fidelity & Deposit Co. v Parsons & Whittemore Contrs. Corp., 48 NY2d 127; Zacher v Oakdale Islandia Ltd. Partnership, 211 AD2d 712; Burdick Assocs. Owners Corp. v Indemnity Ins. Co., supra).

Furthermore, the Supreme Court properly determined that the issue of the validity of a "pay-when-paid" clause in the subcontract (see, West-Fair Elec. Contrs. v Aetna Cas. & Sur. Co., 87 NY2d 148) and its impact upon the arbitration award may not be litigated in the instant action, as Venus failed to raise that issue in the proceeding to confirm the arbitration award. Bracken, J. P., Thompson, Goldstein and Lerner, JJ., concur.