■ AMERICAN BUILDING SUPPLY CORP., Appellant, v AVALON PROPERTIES, INC., Also Known as AVALON BAY COMMUNITIES, et al., Defendants, and VESCOM SYSTEMS, INC., et al., Respondents, and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Appellant. [779 NYS2d 517]—

In consolidated actions, inter alia, to recover on a labor and material payment bond, the defendant National Union Fire Insurance Company of Pittsburgh, Pa. appeals from (1) an order of the Supreme Court, Westchester County (Rudolph, J.), dated September 20, 2002, which denied its motion for summary judgment dismissing the claim of the plaintiff Hilti, Inc., against the labor and material payment bond, (2) an order of the same court dated September 23, 2002, which denied its motion for summary judgment dismissing the claims of the plaintiff Vescom Systems, Inc., against the labor and material payment bond and to recover damages for delay in the performance of its subcontract, (3) an order of the same court entered September 25, 2002, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and (4) an order of the same court entered October 3, 2002, which denied its motion for summary judgment dismissing the claim of the plaintiff S. Feldman Co., Inc., doing business as Feldman Lumber against the labor and material payment bond and granted the cross motion of that plaintiff for summary judgment on that claim in the principal sum of $220,923.62. Application by the plaintiff-appellant for leave to withdraw the appeal from the order dated September 23, 2002.

Ordered that the application is granted and the appeal from

the order dated September 23, 2002, is dismissed as withdrawn; and it is further,

Ordered that the orders dated September 20, 2002, entered September 25, 2002, and entered October 3, 2002, are affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents Hilti, Inc., American Building Supply Corp., and S. Feldman Co., Inc., doing business as Feldman Lumber.

Avalon Properties, Inc. (hereinafter Avalon), entered into a contract with York Hunter Construction, Inc. (hereinafter York Hunter), the general contractor, to build residential housing in Mamaroneck. The appellant National Union Fire Insurance Company of Pittsburgh, Pa. (hereinafter National Union) issued a labor and material payment bond naming York Hunter as the principal and Avalon as the obligee. The provisions of the bond, in effect, guaranteed that National Union would only pay claims for labor, services, or materials supplied in connection with the prime contract for which York Hunter had been paid by Avalon. York Hunter subcontracted with the defendant Vescom Systems, Inc. (hereinafter Vescom), to design and build a plaza deck. The respondents Hilti, Inc. (hereinafter Hilti), American Building Supply Corp. (hereinafter ABSC), and S. Feldman Co., Inc., doing business as Feldman Lumber (hereinafter Feldman), furnished materials to another subcontractor, Inner City Carpentry, Inc. Alleging that they had not been paid for the labor and/or materials they furnished, Vescom, Hilti, ABSC, and Feldman commenced separate actions, inter alia, to recover on the payment bond, which were subsequently consolidated with others actions relating to the same construction project.

National Union failed to make a prima facie showing of entitlement to judgment as a matter of law on the claims of Hilti, ABSC, and Feldman (hereinafter the respondents) to recover on the labor and material payment bond (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]). We agree with the Supreme Court that National Union may not rely on the provisions of the payment bond to limit its liability to amounts actually paid to the general contractor by the owner. The liability of National Union as the surety is measured by the liability of the general contractor, its principal (*see Venus Mech. v Insurance Co. of N. Am.,* 245 AD2d 559 [1997]; *Dimacopoulos v Consort Dev. Corp.,* 158 AD2d 658 [1990]; *Lamparter Acoustical Prods. v Maryland Cas. Co.,* 64 AD2d 693 [1978]). Since the Court of Appeals has made clear that a "pay-when-paid clause" in a subcontract violates the public policy of New York as set forth in the Lien Law (*see West-Fair Elec. Contrs. v Aetna Cas. & Sur.*

*Co.,* 87 NY2d 148 [1995]), the provisions of the payment bond which purport to condition the right of those who supply labor or materials to subcontractors or the general contractor, such as the respondents, to recover against the surety on the receipt by the general contractor of payment from the owner are unenforceable and void as against public policy (*see Bonavist v Inner City Carpentry,* 244 F Supp 2d 154 [2003]). In any event, National Union's submissions failed to conclusively establish that York Hunter made payment for all sums properly due the respondents for which it received payment from Avalon such that the respondents are not proper claimants under the payment bond.

Furthermore, Feldman established its prima facie entitlement to summary judgment as a matter of law by submitting evidence demonstrating that it was due $220,923.62 for materials furnished (*see* CPLR 3212 [b]). In opposition, National Union failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted Feldman Lumber's cross motion for summary judgment on its claim under the payment bond (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Olori Crane Serv. v Rockland County Sewer Dist. No. 1,* 140 AD2d 500 [1988]). Smith, J.P., H. Miller, Luciano and Townes, JJ., concur.