■ STEPHEN MILLER GENERAL CONTRACTORS, INC., Respondent, v JOSEPH DAVIS, INC., et al., Defendants, and NEW YORK STATE OFFICE OF GENERAL SERVICES, Appellant. [823 NYS2d 251]—

Kane, J. Appeals (1) from an order of the Supreme Court (Williams, J.), entered August 23, 2005 in Saratoga County, which granted plaintiff's motion to foreclose on a mechanic's lien, and (2) from an order of said court, entered December 21, 2005 in Saratoga County, which, upon reargument, adhered to its prior decision.

Defendant Joseph Davis, Inc., a general contractor, entered into a contract with defendant New York State Office of General Services (hereinafter OGS) to perform emergency repairs of condensate lines at the State University of New York at Cobleskill. Davis hired plaintiff, a subcontractor, to furnish materials and perform labor on this project in exchange for $34,034.92. Plaintiff performed according to the subcontract, but Davis did not pay. As a result of Davis's nonpayment, plaintiff filed a mechanic's lien on OGS's account for public improvement. Plaintiff commenced this action asserting various causes of action against Davis and seeking to foreclose its mechanic's lien. Upon plaintiff's motion to foreclose its lien against funds held by OGS seeking $42,277.88, the amount of the lien plus interest, Davis responded that it was out of business and did not oppose this relief. OGS objected, alleging, among other things, that the amount available under the lien was only $5,909. Supreme Court granted plaintiff's motion to foreclose the lien and awarded plaintiff $42,277.88. The court later granted OGS's motion for reargument and renewal, but adhered to its prior decision. On OGS's appeal, we modify the court's orders.

Liens may only be asserted by a subcontractor against state moneys "to the extent of the amount due or to become due on such contract" with the general contractor (Lien Law § 5). Lien Law § 60 provides subcontractors with the right of foreclosure on such liens, but circumscribes the amount recoverable to moneys "not exceeding the amount due to the contractor." In no event is the state required to expend its own moneys, not attributable to moneys earned under the contract at issue, to satisfy a lien (*see Hempstead Concrete Corp. v Elite Assoc.*, 203 AD2d 521, 523 [1994]).

Plaintiff argues that Davis had a $200,000 contract with OGS and only received $53,182, leaving a $146,818 balance on the contract in OGS's possession. According to OGS, although this emergency contract had a statutory maximum value of $200,000 (*see* Public Buildings Law § 9 [2]), Davis was paid on a cost-plus-set-fee basis and has only earned $59,901, of which $53,182 was paid to Davis and $5,909 was held as retainage (*see* State Finance Law § 139-f [1]). Significantly, the contract is not in the record. Questions of fact exist regarding the terms of the contract and the amount Davis is entitled to under that contract. As these questions must be answered before determining the amount of funds subject to plaintiff's lien, Supreme Court should not have foreclosed plaintiff's lien in the amount of $42,277.88.

Mercure, J.P., Crew III, Carpinello and Rose, JJ., concur. Ordered that the orders are modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion in the amount of $42,277.88; motion granted as to liability only and matter remitted to the Supreme Court for further proceedings to establish the amount of plaintiff's lien; and, as so modified, affirmed.