*698 OPINION OF THE COURT
Francois A. Rivera, J.
Motion by plaintiffs Robert Perla and Deborah L. Perla for an order, among other things, granting summary judgment in their favor with respect to the complaint is, in all respects, denied.
In this foreclosure action, plaintiffs allege that defendant Real Property Holdings, LLC (RPH) executed a note and mortgage in their favor in the amount of $420,000 on July 28, 2005 and that it “failed to make monthly mortgage payments to plaintiffs[s] pursuant to the bond and mortgage.”
In their motion, plaintiffs contend that RPH has failed to comply with the terms of the note and mortgage and, therefore, summary judgment should be granted in their favor and a referee appointed to ascertain and compute the amount due to them. With respect to defendant Chrissy Holness, the former owner of the subject property and the only defendant to interpose an answer, plaintiffs point out that the answer consists of general denials and does not contain any affirmative defenses to this action. In support of its motion, plaintiffs submit copies of:
1. the mortgage,
2. the note,
3. a guaranty of payment by defendant Joseph Derima, RPH’s principal,
4. the summons and complaint,
5. affidavits of service of the summons and complaint,
6. the answer of Holness,
7. a notice of appearance and waiver by defendant Workers’ Compensation Board, and
8. title documents related to the property at issue.
Plaintiffs also submit an “affidavit of merit” by Robert Perla in which he avers that RPH executed the subject mortgage and thereafter defaulted under its terms.
In opposition to the motion, Holness (in an affirmation by her attorney) explains that, after she had fallen behind in making mortgage payments to a lender (Washington Mutual Bank), she entered into a contract with RPH pursuant to which she would sell the property to RPH and, in return, it would pay her $285,000 and thereafter pay Washington Mutual Bank “a sum sufficient to reinstate the subject mortgage and cancel the [pending] foreclosure sale.” The alleged contract also required *699 that the deed was to be held in escrow until RPH paid her the difference between the $285,000 purchase price and the sums paid to Washington Mutual Bank. According to Holness, RPH violated the terms of their agreement by recording the deed, failing to pay her any money, and encumbering the property with a mortgage from plaintiffs. Holness asserts that the mortgage in question is suspicious, given its amount ($420,000) and its source (private lenders), and, therefore, summary judgment should be denied. Holness also faults plaintiffs for failing to produce any proof that RPH was given any money over and above approximately $172,000 which was used to satisfy the outstanding mortgages with Washington Mutual Bank and another entity. In support of her contentions, Holness submits a copy of a letter, dated June 2, 2005, from her attorney to RPH’s counsel confirming the parties’ understanding.
In reply, plaintiffs note that Holness “has absolutely no privity” with them and she “has only been named as a defendant to this action because she has filed a lis pendens against the property.” Plaintiffs contend that Holness has done nothing to rebut their allegations that the mortgagor (RPH) defaulted in making mortgage payments to them and they assert that Holness’ reliance on the affirmation of her attorney (as opposed to her own affidavit) “is insufficient to raise any triable issues of fact which would defeat summary judgment.”
CPLR 3212 (a) provides, in pertinent part, that any party may move for summary judgment in any action after issue has been joined. The requirement that issue be joined before a motion for summary judgment is granted “is intended to show the court precisely what the parties’ positions are” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3212:ll, at 19) and has been strictly adhered to (see Miller v Nationwide Mut. Fire Ins. Co., 92 AD2d 723, 724 [1983]). It has been held the motion does not lie before joinder of issue “[although the papers present no triable issue” (Milk v Gottschalk, 29 AD2d 698 [1968]) and that the Supreme Court is powerless to grant summary judgment prior to joinder of issue (see CPLR 3212 [a]; Union Turnpike Assoc., LLC v Getty Realty Corp., 27 AD3d 725, 728 [2006]). In their motion, plaintiffs note that Holness has interposed an answer and that defendant Workers’ Compensation Board “has appeared herein and waived notice of this application.” They further assert that “the time for the remaining defendants to appear, answer or to make a motion raising an objection to the complaint in point of law has expired.” *700 * With respect to the defaulting defendants, summary judgment is improper since CPLR 3212 (a) does not contemplate that, if one of a number of defendants answers, summary judgment may be had against all (see Nichols v Haehn, 8 AD2d 405, 413 [1959]). Plaintiffs should have moved for a default judgment, rather than summary judgment (see Tornatore v Bruno, 280 AD2d 894 [2001]).
To the extent that plaintiffs seek summary judgment against Holness, such relief is similarly unwarranted. In the complaint, Holness is named as a defendant, but plaintiffs make no allegations against her. She is neither the mortgagor nor the owner of or tenant at the subject premises. It is only in their reply papers that plaintiffs explain that “she has only been named as a defendant to this action because she has filed a lis pendens against the property.” They further assert that, “[a]s such, she has no standing to oppose this motion or this action.” Under the circumstances, since the relief which plaintiffs request in their complaint is not directed against Holness, that branch of the motion which seeks summary judgment against her is denied.
A reference to compute the amount due is prescribed when the defendant is in default in answering the complaint within the time allowed or the right of the plaintiff is admitted by the answer (see RPAPL 1321 [1]; Scharaga v Schwartzberg, 149 AD2d 578, 578-579 [1989]). In addition, a reference may be directed where a defendant has appeared in an action if summary judgment is granted in favor of the plaintiff since there would be no questions of fact (see e.g. Vermont Fed. Bank v Chase, 226 AD2d 1034, 1037 [1996]; Bank of E. Asia v Smith, 201 AD2d 522 [1994]). In this case, Holness has appeared by serving an answer which challenges the allegations of the complaint and plaintiffs’ request for summary judgment has been denied. Therefore, that branch of the motion by plaintiffs which seeks the appointment of a referee to compute is likewise denied.

 The remaining defendants include RPH (the mortgagor) and Joseph Derima, its principal (the guarantor of the note and mortgage).