■ In the Matter of THEODORE RACOOSIN, Appellant, v. HORTENSE W. GABEL, as City Rent and Rehabilitation Administrator, Respondent.— In a proceeding by a landlord pursuant to article 78 of the CPLR to annul a determination of the City Rent Administrator reducing the rents of the subject premises because of a decrease in essential services (elimination of locked lobby doors, bell and buzzer system), the landlord appeals from a judgment of the Supreme Court, Kings County, entered May 20, 1965 on reargument, which adhered to the court's original determination dismissing the petition. Judgment affirmed, without costs. In our opinion, there was substantial evidence to support the determination of the City Rent Administrator. In the circumstances, it may not be disturbed by the courts (*Matter of Wiener* v. *Gabel,* 18 A D 2d 1025; *Matter of Stratford Leasing Corp.* v. *Gabel,* 17 A D 2d 332, affd. 13 N Y 2d 607). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.

■ MEADOW BROOK NATIONAL BANK, Appellant, v. HERMAN I. LERNER et al., Doing Business under the Name of SUN PINE TRADING Co., Respondents.— In an action on promissory notes, plaintiff appeals from an order of the Supreme Court, Nassau County, entered September 10, 1965, which denied plaintiff's motion to vacate defendants' notice requiring the production for inspection of a memorandum of investigation. Order reversed, without costs, and motion to vacate defendants' notice granted. Defendant, Robert Swerny, seeks to examine a memorandum made by an officer of plaintiff bank which was made many months after the maturity of notes on which plaintiff is suing the defendants. Said defendant claims that the notes were made without his knowledge through the collusion of an expartner and a loan officer of the bank not available for examination because he is now under indictment for similar activities. Plaintiff claims that the memorandum, which was not made by the accused loan officer, was prepared for litigation and that it is, therefore, not obtainable under CPLR 3101 (subd. [d]) "unless the court finds that the material can no longer be duplicated because of a change in conditions and that withholding it will result in injustice or undue hardship". The difficulties usually attendant upon such conflicts between the policy of liberal disclosure and the policy of protecting the preparations of parties to litigation are here greatly increased by the paucity of the record. The plaintiff has furnished somewhat conclusory statements to support its claim that the material was prepared for litigation. We believe that the affirmation of an officer of the court and the testimony of plaintiff's vice-president under oath cannot be passed over as meaningless, however, even though no corroborative details are supplied. The statements of plaintiff's vice-president and attorney gain weight in the light of defendant's failure to show anything to the contrary. Moreover, defendant has failed to show that the officer who prepared the memorandum is not available for examination. It appears from the briefs that in fact this officer is available. At this point defendant must be permitted to examine the specific person who prepared the memorandum if he elects to do so (*Martinez* v. *Union School Dist.,* 41 Misc 2d 661). Until defendant, if so advised, attempts to pursue his right to examine the person who prepared the memorandum he will be unable to show that the material contained therein can no longer be duplicated, whether because of the absence of the witness, failure to remember, or some other reason. Without this showing, defendant cannot satisfy the first requirement for obtaining conditionally protected material under CPLR 3101 (subd. [d]) (see *Babcock* v. *Jackson,* 40 Misc 2d 757). Beldock, P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur.