■ JOSEPHINE GIAMBRONE et al., Respondents, v FLUSHING MOTOR SERVICE, INC., Appellant, et al., Defendants. (And a Second Action.) — In an action to recover damages for personal injuries, etc., defendant Flushing Motor Service, Inc., appeals from an order of the Supreme Court, Queens County (Rodell, J.), dated June 8, 1981, which, *inter alia,* granted plaintiffs' motion for an order directing said defendant "and/or" its insurance carrier to produce a signed statement which had been given by defendant Reynolds to the carrier. Order affirmed, with $50 costs and disbursements. Appellant's time to produce the document is extended until 20 days after service upon it of a copy of the order to be made hereon, with notice of entry. Assuming, *arguendo,* both that the document in question is not a "report of an accident" within the meaning of CPLR 3101 (subd [g]) and that the document was prepared solely for litigation so as to be generally immune from discovery under the qualified privilege contained in CPLR 3101 (subd [d], par 2), the document must still be disclosed because, under the particular circumstances of this case, the document "can no longer be duplicated because of a change in conditions and * * * withholding it will result in injustice or undue hardship" within the meaning of CPLR 3101 (subd [d]) (see *Babcock v Jackson,* 40 Misc 2d 757; cf. *Meadow Brook Nat. Bank v Lerner,* 25 AD2d 436). Rabin, J. P., Margett, O'Connor and Thompson, JJ., concur.

■ MINNIE HILOWITZ, Appellant, v KENNETH HILOWITZ, Respondent. — In a negligence action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Queens County (Hyman, J.), dated October 22, 1980, which denied her motion to dismiss the defense of collateral estoppel. Order affirmed, with $50 costs and disbursements. Plaintiff's contention that only a judicially confirmed arbitration award may form the basis for the defenses of *res judicata* and collateral estoppel is without merit. Judicial confirmation may be the recommended practice (see CPLR 7510; Siegel, New York Practice, § 601, p 860), but the doctrines are applicable to issues resolved by arbitration where there has been a final determination on the merits (see *Kilduff v Donna Oil Corp.,* 74 AD2d 562), notwithstanding a lack of confirmation of the award (cf. *Hana Heating & Air Conditioning Co. v Sheet Metal Workers Int. Assn.,* 378 F Supp 1001). We have examined plaintiff's remaining contentions and find them also to be without merit. Rabin, J. P., Margett, O'Connor and Thompson, JJ., concur.