OPINION OF THE COURT
Sidney Leviss, J.
This is an action by the plaintiff to recover the unpaid portion of the purchase price for certain real property commonly known as 104-24 186th Street, Hollis, New York, which was sold by the plaintiff to the defendant. Defendant, by impleader, has instituted claims for indemnification against the third-party defendants.
The action was tried before this court on September 11, 1984, and from the credible evidence adduced thereat the court finds the following:
On June 5, 1978, the plaintiff seller and defendant purchaser entered into a written contract for the sale of real property known as 104-24 186th Street, Hollis, New York. The purchase price as stated in paragraph 2 of the contract was $30,500, *403 $1,000 to be paid by defendant on the signing of the contract with said Amount to be held in escrow by the seller’s attorney until the closing, and $29,500 “in cash or good certified check to the order of the seller on the delivery of the deed.” Paragraph 23 of the contract provided that the “deed shall be delivered upon the receipt of said payments” at the closing to be held at the office of the seller’s attorney.
At the closing of title on March 6,1979, the plaintiff executed and delivered to the defendant a deed for the property. Simultaneously therewith, plaintiff accepted from defendant as payment various uncertified checks, one of which in the amount of $22,132.70 was from the third-party defendant, Pilgrim Funding Corp. (hereinafter Pilgrim), defendant’s mortgagee. No indorsement by the defendant appears on that check. Also at the closing, defendant executed and delivered to Pilgrim a bond and mortgage in the amount of $28,800.
On the following day, the bond and mortgage were assigned by Pilgrim for valuable consideration to the third-party defendant, Colonial Mortgagee Corp. (hereinafter Colonial). On March 21, 1979, Colonial assigned the bond and mortgage for valuable consideration to third-party defendant Samuel T. Isaac & Associates, Inc. (hereinafter Isaac). Isaac subsequently also assigned the bond and mortgage for valuable consideration to the third-party defendant Department of Housing and Urban Development, Government National Mortgagee Association. On its behalf, the mortgage is being serviced by the third-party defendant Baldwin United Mortgage Co., which is currently known as third-party defendant Colwell Financial Corp.
The check made out by Pilgrim dated March 6, 1979, in the amount of $22,132.70, payable to the plaintiff, was dishonored upon presentment to the bank on March 29,1979. Plaintiff thus contends that defendant has not paid plaintiff the full purchase price contracted for by the parties.
Since subdivision (1) of section 3-401 of the Uniform Commercial Code provides that no person is liable on an instrument unless his signature appears thereon, it is clear that the defendant is not liable on the check itself inasmuch as she never indorsed said check. Nevertheless, a party who does not sign commercial papers may still be liable on the original obligation for which the instrument was given. (Uniform Commercial Code, § 3-401, Comment 1.)
Prior to the enactment of the Uniform Commercial Code, where the obligation of a third party was given concurrently with the creation of a debt, absolute payment was presumed *404 unless the contrary was proven. (See Dibble v Richardson, 171 NY 131; Hall v Stevens, 116 NY 201; 43 NY Jur, Payment, § 56, p 518.) However, this presumption of absolute payment by commercial paper has now been limited by the Uniform Commercial Code to cases where a bank is the drawer, maker or acceptor of the instrument and there is no recourse on the instrument against the underlying obligor. (Uniform Commercial Code, § 3-802, subd [1], par [a].)
The Uniform Commercial Code further provides that in any other case, unless otherwise agreed upon by the parties, “the obligation is suspended pro tanto until the instrument is due or if it is payable on demand until its presentment. If the instrument is dishonored action may be maintained on either the instrument or the obligation”. (Uniform Commercial Code, § 3-802, subd [1], par [b].) Thus, unless otherwise agreed upon by the parties, if the check is not honored on presentment the original indebtedness for which it is given is not discharged and the creditor may recover on the indebtedness. (Uniform Commercial Code, § 3-802, subd [1]; Matter of DeMerritt v Levitt, 71 AD2d 757; Rawcliffe v Aguayo, 108 Misc 2d 1027; 1 Anderson, Uniform Commercial Code, § 3-802:4, p 755; 60 Am Jur 2d, Payment, § 45, p 640.)
In this case, then, the initial question for determination is whether there was any agreement by the parties to have the uncertified checks taken at the closing as absolute payment of the purchase price. It is the intention of the parties that prevails in determining that issue. Such intention may be established by proof of an express agreement or by circumstances from which an agreement or understanding may be implied. (60 Am Jur 2d, Payment, § 41, p 637.)
Based upon the following actions of the parties, the court finds that in this case the circumstances were such as to indicate that the parties implicitly agreed and understood that the taking of the uncertified checks at the closing by the seller was to be considered absolute rather than conditional payment of the purchase price. Firstly, despite the fact that the contract provided for the balance due to be paid at the closing by cash or certified check, the plaintiff accepted an uncertified check and unconditionally delivered the deed to the defendant. Secondly, in reliance upon the acceptance of the check defendant executed a bond and mortgage to Pilgrim. Thirdly, neither the plaintiff nor the defendant requested that the deed or the bond and mortgage be held in escrow pending the certification or payment of the check. In addition, on the statement of mortgage closing *405 the plaintiff acknowledged “the receipt of payment in full of the amount stated in the contract for the purchase of the property” and certified that the owner of the property “is in no way indebted to the seller.” Therefore, since the parties implicitly agreed that payment at the closing by the uncertified checks was absolute rather than conditional, the court finds that the obligation of the defendant to the plaintiff was discharged upon the acceptance by the seller of the uncertified checks.
Accordingly, the action against defendant and the third-party actions are dismissed.