■ ROBERT ECKER et al., Respondents, v BYRON LERNER, Appellant.—In an action to recover on a promissory note, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Kelly, J.), dated November 27, 1985, as denied his motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiffs instituted this action to recover payment on a promissory note in the amount of $153,099.38, executed by the defendant, who was their stockbroker. The consideration for the note was losses allegedly sustained by the plaintiffs' pension account as a result of the defendant's unauthorized trades, or "churning" of the account between September 30, 1982 and February 27, 1984.

Thereafter, the plaintiffs instituted an arbitration proceeding before the New York Stock Exchange Arbitration Tribunal, naming as the respondents the defendant and two brokerage firms for whom the defendant had worked. The plaintiffs sought $153,099.38 in damages, which they claimed were the result of the defendant's churning of their account during the same time period. In addition, the plaintiffs alleged that the brokerage firms took part in the churning, and were liable for their negligence in hiring the defendant and failing to supervise him. The arbitration panel awarded the plaintiffs $112,146, which award has been satisfied.

The plaintiffs then filed a note of issue and certificate of readiness in the instant action, seeking to recover the difference between the amount set forth in the promissory note and the arbitration award.

The defendant argues that the plaintiffs are now precluded from litigating their claim anew. We agree. Special Term correctly noted that the doctrine of res judicata applies to arbitration awards. Under the transactional analysis approach adopted by this State for resolving res judicata questions,

"once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy * * *

"When alternative theories are available to recover what is

essentially the same relief for harm arising out of the same or related facts such as would constitute a single 'factual grouping' (Restatement, Judgments 2d, § 61 [Tent Draft No. 5]), the circumstance that the theories involve materially different elements of proof will not justify presenting the claim by two different actions" *(O'Brien v City of Syracuse,* 54 NY2d 353, 357-358).

Further, pursuant to the Uniform Commercial Code, the holder of a note which has been dishonored may maintain an action on either the note or the underlying obligation (UCC 3-802 [1] [b]; *Burnett v Vance,* 126 Misc 2d 402). Having elected to pursue their remedies on the underlying obligation in the arbitration proceeding, res judicata now precludes them from seeking the same relief on the promissory note *(see, O'Brien v City of Syracuse, supra; Matter of Reilly v Reid,* 45 NY2d 24).

The plaintiffs' contention that the gravamen of the two proceedings are distinct is without merit. Both actions were premised upon the same wrongful conduct and the same series of transactions during the same period of time, involved the same chief participants, and sought the same amount of damages *(cf. Smith v Russell Sage Coll.,* 54 NY2d 185; *Matter of Reilly v Reid, supra).* Thompson, J. P., Weinstein, Rubin and Spatt, JJ., concur.