■ COUNTY OF ROCKLAND, Appellant, v AETNA CASUALTY & SURETY COMPANY, Defendant and Third-Party Plaintiff-Respondent. FIELD ELECTRIC COMPANY, INC., et al., Third-Party Defendants-Respondents.—In an action to recover damages for breach of an obligation as surety under payment and performance bonds, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Ruskin, J.), entered December 19, 1985, as granted the defendant third-party plaintiff's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the defendant third-party plaintiff and third-party defendants appearing separately and filing separate briefs.

The defendant third-party plaintiff surety's obligation in this case to complete work left unfinished by its principal, the third-party defendant Field Electric Company, Inc. (hereinaf-

ter Field), was made conditional pursuant to the performance bond issued, upon that third-party defendant's default on the contract. Thus, the defendant third-party plaintiff could only be held liable for failure to comply with the plaintiff's demand to complete the work on Field's contract with the plaintiff if Field had defaulted on its contract (see, Walcutt v Clevite Corp., 13 NY2d 48, 56; Eckstein v Massachusetts Bonding & Ins. Co., 281 NY 435, 438, rearg denied 282 NY 590; Lamparter Acoustical Prods. v Maryland Cas. Co., 64 AD2d 693; Miller v Fitzpatrick, 227 App Div 745, 746).

At the arbitration proceeding which preceded this action, the plaintiff made a counterclaim for all damages sustained as a result of Field's failure to complete the work on the contract. This counterclaim was denied in its entirety by the arbitrators. This was, in effect, a determination that the plaintiff had no cause of action against the third-party defendants for defaulting on the contract. A determination having been made that the plaintiff had no cause of action against the defendant third-party plaintiff's principal for default on the contract, the plaintiff was collaterally estopped from subsequently suing the defendant third-party plaintiff for failure to honor its obligation as surety to complete the contractual work upon demand by the plaintiff (see, New Paltz Cent. School Dist. v Reliance Ins. Co., 97 AD2d 566, 567). The fact that the prior determination was an unconfirmed arbitration award and not a judicial determination does not lessen its collateral estoppel effect (see, Ecker v Lerner, 123 AD2d 661; Hilowitz v Hilowitz, 85 AD2d 621).

Since the plaintiff's cause of action is barred in its entirety, it obviously follows that its claim for punitive damages is without merit. Mollen, P. J., Mangano, Eiber and Sullivan, JJ., concur.