■ MARIE TAYLOR et al., Plaintiffs, v YVONNE ASHBY et al.,

Defendants; LAKSHMI PATY, Respondent, and WILLIAM SHORT et al., Appellants.—In a negligence action to recover damages for personal injuries, the defendant William Short, and the defendants GMAC Leasing Corp., Integrated Systems, Inc., and Joseph Dodman separately appeal from an order of the Supreme Court, Kings County (Krausman, J.), dated January 20, 1987, which denied their respective motion and cross motion for summary judgment on their cross claims against the defendant Lakshmi Paty, and to dismiss all of the remaining cross claims asserted against them.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the appellants' respective motion and cross motion for summary judgment on their cross claims against the defendant Lakshmi Paty, and substituting therefor provisions granting those branches of the motion and cross motion; as so modified, the order is affirmed, with one bill of costs to the appellants payable by the defendants-respondents.

In the instant action, the appellants argue that the court erred in denying their respective motion and cross motion for summary judgment on their cross claims against the defendant Lakshmi Paty because the issue of their relative negligence had been decided in a prior New Jersey arbitration proceeding in which an arbitrator had determined that Paty was 100% at fault in the happening of the accident.

The doctrines of collateral estoppel and res judicata are applicable to give conclusive effect to quasi-judicial determinations of arbitrators and administrative agencies when rendered pursuant to their adjudicatory authority and employing procedures substantially similar to those used in a court of law *(see, Ryan v New York Tel. Co.,* 62 NY2d 494, 499; *Matter of Ranni [Ross],* 58 NY2d 715).

The doctrine of collateral estoppel precludes a party from relitigating "an issue which has previously been decided against him in a proceeding in which he had a [full and] fair opportunity to * * * litigate the point" *(Gilberg v Barbieri,* 53 NY2d 285, 291). Two requirements must be satisfied before the doctrine may be invoked. First, the identical issue must necessarily have been decided in the prior action and be decisive of the present action, and second, the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination *(see, Kaufman v Lilly & Co.,* 65 NY2d 449, 455).

A review of the record herein indicates that the aforemen-

tioned criteria have been satisfied, and therefore summary judgment must be granted on the cross claims asserted against the defendant Lakshmi Paty. It should be noted, however, that this determination does not bar the plaintiffs from litigating their claims against any and all of the named defendants. Brown, J. P., Rubin, Kooper and Sullivan, JJ., concur.