■ McNALLY INTERNATIONAL CORP., Formerly McNALLY BROTHERS, INC., Appellant, v NEW YORK INFIRMARY—BEEKMAN DOWNTOWN HOSPITAL, Respondent.—In an action to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Vinik, J.), dated November 16, 1987, as denied that branch of its motion which was for summary judgment in its favor on the complaint and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

We agree with the Supreme Court that the instant action is barred by the previous arbitration proceeding and award. It is well settled that the doctrine of res judicata applies to arbitration awards with the same force and effect as it applies to judgments of the courts *(see, Matter of Ranni [Ross],* 58 NY2d 715; *Taylor v Ashby,* 134 AD2d 248; *Ecker v Lerner,* 123 AD2d 661). Under the transactional analysis approach adopted by this State for resolving res judicata issues, it has been held that:

"[O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy * * *.

"When alternative theories are available to recover what is essentially the same relief for harm arising out of the same or related facts such as would constitute a single 'factual grouping' (Restatement Judgments 2d, § 61 [Tent Draft No. 5]), the circumstance that the theories involve materially different elements of proof will not justify presenting the claim by two different actions" *(O'Brien v City of Syracuse,* 54 NY2d 353, 357-358).

Applying these principles here, we find that the previous arbitration proceeding serves as a bar to the instant action

since it is premised on the same series of transactions passed upon by the arbitrator *(see, Ecker v Lerner, supra; cf., Central Water Heater & Sales Corp. v Adler,* 128 AD2d 665). Lawrence, J. P., Eiber, Spatt and Balletta, JJ., concur