■ In the Matter of the Arbitration between ALLCITY INSURANCE COMPANY, Respondent, and DONATO VITUCCI, Appellant. —Judgment, Supreme Court, New York County (William J. Davis, J.), entered on or about November 29, 1988, which permanently stayed arbitration demanded by respondent Donato Vitucci, reversed, on the law, the petition denied and dismissed, and the parties directed to proceed to arbitration, without costs.

Petitioner Allcity Insurance Company issued a motor vehicle insurance policy to respondent Donato Vitucci in 1982. The policy contained the standard required provisions, including uninsured motorist coverage.

Vitucci claims that while driving his insured vehicle he was involved in an accident with an uninsured vehicle and suffered personal injuries. In accordance with the terms of the policy, the parties proceeded to arbitrate Vitucci's claim. By an award dated May 24, 1986, the arbitrator denied Vitucci's claim in its entirety. Allcity never took steps to confirm this award.

More than one year later, on November 6, 1987, Vitucci served a new demand for arbitration upon Allcity, seeking to recover for the same 1982 accident. On August 30, 1988, Allcity moved to stay this arbitration, primarily on the ground that the prior arbitration award should bar this arbitration on the basis of res judicata and collateral estoppel.

Vitucci contested the petition to stay arbitration, made over nine months after the demand for arbitration was served, as untimely in violation of CPLR 7503. Vitucci also argued that since the petitioner never moved to confirm the arbitrator's award within one year, that award is no longer enforceable and cannot serve as res judicata.

The IAS court granted the petition to permanently stay arbitration without elaborating its reasons.

For the reasons advanced by the respondent, the judgment should be reversed and the petition to stay arbitration denied and dismissed.

A petition to stay arbitration must be brought within 20 days of service of the demand for arbitration (CPLR 7503 [c]). This limitation is strictly enforced and a court has no jurisdiction to entertain an untimely application. (E.g., Matter of Spychalski [Continental Ins. Cos.], 58 AD2d 193, affd 45 NY2d 847; Matter of Jonathan Logan, Inc. [Stillwater Worsted Mills], 31 AD2d 208, affd 24 NY2d 898.) Here, the demand for arbitration was served November 6, 1987. The petition to stay

arbitration was served over nine months later, August 30, 1988, and is palpably untimely. The petition cannot be entertained and must be dismissed as untimely.

Since the petition is jurisdictionally barred, it is not necessary to reach the merits. However, were we to address the merits, we would find that the stay should not have been granted on the ground of res judicata. It is the *judgment* that is entered upon an arbitration award after confirmation that is entitled to res judicata effect *(see, Matter of Springs Cotton Mills [Buster Boy Suit Co.],* 275 App Div 196, *affd* 300 NY 586). Here, the first arbitration award was never confirmed nor reduced to a judgment, and the one-year period to confirm the award (CPLR 7510) has elapsed. Since that award is no longer enforceable, it cannot serve as res judicata to judicially stay the new arbitration proceeding. *(See, Teachers Assn. v Tarrytown Bd. of Educ.,* 59 AD2d 890.) Concur—Ross, Carro and Ellerin, JJ.

Kupferman, J. P., and Smith, J., dissent in a memorandum by Smith, J., as follows: I would affirm the order of the motion court on the ground of res judicata. The facts are undisputed. On or about August 7, 1982, petitioner Allcity Insurance Company issued to respondent Vitucci a motor vehicle liability policy containing an uninsured motorist endorsement. Respondent claimed that he was struck and injured by an uninsured vehicle on October 8, 1982. In December 1985 respondent demanded arbitration pursuant to the uninsured motorist endorsement. On May 24, 1986 an arbitrator denied respondent's claim.

Petitioner Allcity never moved to confirm the arbitrator's award denying the claim and Allcity claims a motion was unnecessary because of his denial. About a year and a half later, respondent again moved for arbitration. On August 30, 1988 petitioner moved to stay arbitration on the grounds that it had not been validly served with the notice of arbitration (a claim that has been withdrawn) and on the further grounds of res judicata. The motion court granted the petition and stayed arbitration.

An arbitration award is res judicata on a subsequent claim for arbitration notwithstanding that the award was never confirmed. *(Hilowitz v Hilowitz,* 85 AD2d 621 [2d Dept 1981].) Even though petitioner did not confirm the award of the arbitrator denying the award and could not do so since it had to move to confirm within a year after the award (CPLR 7510), the decision of the arbitrator is an adjudication on the merits. The fact that petitioner did not move to stay arbitration

within 20 days after service of the second demand for arbitration is also not a bar to the assertion of res judicata since CPLR 7503 (c) states only that if an application to stay arbitration is not made within 20 days, the party is "precluded from objecting that a valid agreement was not made or has not been complied with and from asserting in court the bar of a limitation of time." The section thus does not preclude the assertion of a claim of res judicata.