■ BURDICK ASSOCIATES OWNERS CORP., Appellant, v INDEMNITY INSURANCE COMPANY OF NORTH AMERICA et al., Respondents.—In an action to recover damages for breach of the defendants' obligations as sureties under a performance bond, the plaintiff appeals from an order of the Supreme Court, Kings County (Held, J.), dated January 23, 1989, which granted the separate motions by the defendants to dismiss the complaint.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff entered into a construction contract in 1985 with Karlan Construction Corp. (hereinafter Karlan) to renovate a brownstone building that it owned in Brooklyn. The contract provided that any disputes would be submitted for arbitration. The defendant insurance companies jointly issued a performance bond which provided that in the event of a default by Karlan they would remedy the default or complete the contract.

A contract dispute developed between the plaintiff and Karlan in 1986. Karlan demanded arbitration of its claim for $420,000 allegedly due under the contract, and the plaintiff counterclaimed for damages for breach of the contract. Following a hearing, the arbitration panel directed the plaintiff to pay Karlan $133,000 and dismissed the plaintiff's counterclaims for breach of contract. The arbitration award was judicially confirmed *(see, Karlan Constr. Corp. v Burdick Assocs. Owners Corp.,* 166 AD2d 416 [decided herewith]). While the arbitration proceeding was still pending, the plaintiff commenced the instant action against the defendants, alleging that they had failed to meet their obligation under the performance bond to complete the construction project. After issuance of the arbitrators' decision, the defendants successfully moved to dismiss the complaint on the ground that the claims therein were barred by collateral estoppel, and the plaintiff appealed.

The liability of the defendants on the performance bond is measured by the liability of Karlan, their principal, to the

plaintiff under the contract *(see, Matter of Fidelity & Deposit Co. v Parsons & Whittemore Contrs. Corp.,* 48 NY2d 127). The issue of Karlan's liability to the plaintiff was determined in the arbitration proceeding when the plaintiff's counterclaims for damages for breach of contract were dismissed *(see, County of Rockland v Aetna Cas. & Sur. Co.,* 129 AD2d 606). It is beyond dispute that collateral estoppel applies to arbitration awards *(see, Matter of Ranni [Ross],* 58 NY2d 715; *McNally Intl. Corp. v New York Infirmary-Beekman Downtown Hosp.,* 145 AD2d 417) and that a surety stands in its principal's shoes for collateral estoppel purposes *(cf., New Paltz Cent. School Dist. v Reliance Ins. Co.,* 97 AD2d 566). Consequently, the defendants' motions to dismiss the complaint on the ground of collateral estoppel were properly granted *(see, County of Rockland v Aetna Cas. & Sur. Co., supra).* Bracken, J. P., Brown, Kunzeman and Sullivan, JJ., concur.