■ KARLAN CONSTRUCTION COMPANY, Respondent, v BURDICK ASSOCIATES OWNERS CORP., Appellant.—In a proceeding pursuant to CPLR article 75 to confirm an arbitration award arising out of a construction contract, Burdick Associates Owners Corp. appeals from so much of an order of the Supreme Court, Kings County (Shaw, J.), dated September 14, 1988, as, upon reargument, adhered to the determination in the judgment of the same court dated June 1, 1988, which, *inter alia,* confirmed the award.

Ordered that the order is affirmed insofar as appealed from, with costs.

The instant controversy arose from a construction contract by which the petitioner, Karlan Construction Company (hereinafter Karlan), agreed to renovate a residential building owned by the respondent, Burdick Associates Owners Corp. (hereinafter Burdick). Burdick discharged Karlan before the work was completed and disputed the value of services rendered. Pursuant to the terms of the contract, the dispute was submitted to arbitration and an award was entered on December 31, 1987, in favor of Karlan. When Karlan applied to confirm the award, Burdick opposed the application on the grounds (1) that Burdick was seeking a modification of certain language contained within the arbitration award's opinion, and (2) because Burdick was awaiting the conclusion of a pending investigation by the United States Attorney of Karlan's principal. The arbitration award was nevertheless confirmed by judgment dated June 1, 1988.

Several weeks later, Burdick moved for reargument pursuant to CPLR 2221 to vacate the arbitration award. Burdick alleged that the award was improper under CPLR 7511 (b) (1) (i), (ii) and 5015 (a) (4) due to the failure of two of the arbitrators to disclose their alleged relationships with Karlan and the alleged fraud and corruption of its attorney in conspiring with Karlan's attorneys. By order dated September 14, 1988, Burdick's motion for reargument was granted, but the earlier determination confirming the arbitration award was adhered to.

CPLR 7511 (a) states that an application to vacate or modify an award shall be made by a party within 90 days after its

delivery to that party. Despite this 90-day limitation, a party may wait and make his arguments for vacating or modifying the award in opposition to an application to confirm the award, even when that application to confirm is made beyond the 90-day period *(see, State Farm Mut. Auto. Ins. Co. v Fireman's Fund Ins. Co.,* 121 AD2d 529). In the instant case, however, Burdick's motion for reargument was based on different grounds than those raised in its initial affidavit in opposition to Karlan's petition to confirm the arbitration award. While the arbitration award had been received by Karlan by January 4, 1988, the objections raised by Burdick on reargument were not lodged until June of 1988. Therefore, Burdick's arguments were time barred as they were made after the expiration of the 90-day period and because Burdick had failed to raise these objections to Karlan's original application to confirm the award.

Burdick's contention that it received some of the information relating to the bias of one of the arbitrators and its own attorney after Karlan applied to confirm the arbitration award is without merit. Newly discovered evidence is not among the grounds upon which an arbitration award may be vacated under CPLR 7511 (b) *(see, Matter of Central Gen. Hosp. v Hanover Ins. Co.,* 49 NY2d 950; *Matter of Damast v Damast,* 95 AD2d 776). Kooper, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.