■ In the Matter of BONNIE J. WHITE, Appellant, v DEPARTMENT OF LAW OF THE STATE OF NEW YORK et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County (Martin Schoenfeld, J.), entered June 27, 1991, which, *inter alia,* denied petitioner's application pursuant to CPLR article 78 seeking reinstatement to her previous employment,

and dismissed the petition, unanimously affirmed, without costs.

Respondents' termination of petitioner's employment for insubordination was upheld in an arbitration mandated by petitioner's collective bargaining agreement. Petitioner then moved to vacate or modify the award. The IAS court (Leonard N. Cohen, J.) denied the application and dismissed the proceeding for failure to state facts entitling petitioner to relief. Petitioner now maintains, in this subsequent article 78 proceeding, that respondents' failure to enter the judgment constituted an abandonment of Justice Cohen's order.

Although CPLR 7510 implies that an application to confirm an arbitration award must be made within one year after delivery of the award, there was no need for respondents to cross-petition for confirmation of the award since CPLR 7511 (e) mandates an automatic confirmation upon denial of a motion to vacate or modify. Nor is there merit to petitioner's argument that pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 202.48, Justice Cohen's order was abandoned by respondents for failure to enter a judgment within 60 days, since that rule applies only when the decision directs that a judgment be settled or submitted thereon (*Bell v New York Higher Educ. Assistance Corp.*, 158 AD2d 305, *mot to dismiss appeal granted* 76 NY2d 845). The failure to enter judgment was a mere procedural irregularity that had no effect on the viability of Justice Cohen's determination. Finally, it is clear that the penalty of dismissal was not made on constraint of the settlement of the prior disciplinary proceeding, but was based on petitioner's history of insubordination, and, not being wholly irrational, it was properly confirmed. Concur—Murphy, P. J., Carro, Milonas, Wallach and Smith, JJ.