OPINION OF THE COURT
Gerard M. Weisberg, J.
This is defendant’s motion for summary judgment dismissing the claim and claimant’s cross motion to strike affirmative defenses, to amend the claim and for permission to file it late.
From the papers, it appears that on October 16, 1987, claimant was a principal file clerk employed by defendant. On that date, the State instituted a notice of discipline (NOD) against claimant for instances of misconduct and insubordination. The NOD was settled in accordance with an agreement dated November 19, 1987. That document expressly provided that "[a]ny further alleged incidents of misconduct or insubordination * * * will result in the immediate issuance of a Notice of Discipline seeking termination.”
Thereafter, defendant instituted another NOD dated August 1, 1988, which outlined acts of misconduct and insubordination and sought claimant’s termination. Pursuant to the collective bargaining agreement between the Civil Service Employees Association (CSEA) and defendant, hearings were held before an arbitrator. Claimant was represented thereat by an attorney provided by CSEA. The arbitrator in a 15-page opinion and award dated May 26, 1989, found claimant guilty of two acts of insubordination. Based on her prior recent history of similar conduct, as evidenced by the prior settlement, the arbitrator awarded the penalty of termination. On June 1, 1989, claimant was informed of the decision, terminated, and escorted against her will off the State’s premises. As of that date, the arbitrator’s award had not been judicially confirmed.
On September 20, 1989, claimant moved pursuant to CPLR article 75 to vacate or modify the award. By an order and an opinion, both dated October 10, 1989, Justice Leonard N. Cohen, Supreme Court, New York County, found that no grounds to set aside the award existed and therefore denied the motion. Although neither his opinion nor the order so stated, by operation of law, his denial of the motion to vacate confirmed the award. (CPLR 7511 [e].)
By a petition dated September 24, 1990, claimant then commenced an article 78 proceeding which sought reinstatement with back salary from June 1, 1989 based on the *940 assertion that the- arbitrator’s award has not been judicially confirmed. Defendant cross-moved to file a judgment confirming the award.
In a decision dated June 24, 1991, Justice Martin Schoenfeld denied both motions. Without discussion, Justice Schoenfeld assumed, apparently arguendo, that the arbitrator’s award had to be confirmed to be effective. Inasmuch as the Statute of Limitations to obtain confirmation was one year (CPLR 215, 7510), an unsuccessful motion to vacate confirms by operation of law (CPLR 7511 [e]), and an unsuccessful motion to vacate had been commenced within one year of the delivery of the award, Justice Schoenfeld held that the award had been confirmed within the Statute of Limitations. Defendant’s cross motion to file a judgment was denied "as unnecessary.”
On appeal, the First Department affirmed essentially on Justice Schoenfeld’s analysis, to wit: assuming that the award had to be confirmed, it was so within the Statute of Limitations by claimant’s unsuccessful motion to vacate. (Matter of White v Department of Law, 184 AD2d 229, lv denied 80 NY2d 759.)
Claimant then took the position that although defendant had obtained the right to terminate her that right only became enforceable on July 16, 1991 — apparently the date Justice Schoenfeld’s order was entered. Therefore, claimant concluded, her termination on June 1, 1989 was premature and unlawful and for which she is entitled to damages through and until July 16, 1991. Claimant states that on February 17, 1993 she wrote to her union demanding that it enforce this claim. Allegedly by a letter dated March 9, 1993, CSEA declined to do so.[1] On March 24 and 25, 1993, respectively, claimant served and filed the instant claim propounding the theory of recovery set forth above, and asserting the bad faith of the union in failing to prosecute it.
Defendant has now moved for summary judgment dismissing the claim on the grounds of res judicata and lateness. As to the former, the doctrine applies to arbitration awards. (Ecker v Lerner, 123 AD2d 661.) Thus, " 'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy.’ ” (Supra, at 611, quoting O’Brien v City of Syracuse, 54 NY2d 353, 357-358.) The one provisio to the foregoing being *941 that the court must have had jurisdiction over the omitted cause of action for the bar to obtain. Obviously one cannot be held to have waived a cause of action one could not bring. (Siegel, NY Prac § 218, at 317 [2d ed].)
As a general proposition, Supreme Court has jurisdiction to review agency determinations pursuant to CPLR article 78. This court has jurisdiction to award money damages at law. (Court of Claims Act § 9.) Where, however, a demand for money damages is incidental to an entitlement to equitable relief, Supreme Court has jurisdiction over both causes of action. (Matter of Gross v Perales, 72 NY2d 231, 237.) Incidental means that the same facts which justify equitable relief justify money damages. (CPLR 7806; Matter of Gross v Perales, 72 NY2d 231, 237, supra.) Whether damages are incidental to the primary relief sought depends on the facts of the case. (Supra, 72 NY2d, at 236.)
Here, claimant commenced an article 78 proceeding against the State seeking reinstatement with back salary and other benefits from June 1, 1989 based on a lack of confirmation of the arbitrator’s award. She did not, in the alternative, expressly seek damages from the date of her termination until the date of the confirmation, and therefore the issue was not passed upon. If, but only if, Supreme Court had subject matter jurisdiction over that unpleaded cause of action, claimant has split her action and is precluded by the doctrine of res judicata from raising the claim now just as if it had been determined adversely to her in the article 78 proceeding. (Pauk v Board of Trustees of City Univ., 68 NY2d 702.)
Under claimant’s theory of her case as presented in the article 78 proceeding and here, defendant could not terminate her employment until the arbitrator’s award was confirmed. Assuming arguendo that is the law, on the facts pleaded in the article 78 proceeding, defendant was enjoined by law to pay her salary until confirmation. A claim for money damages was therefore incidental to equitable relief. (Matter of Pfingst v Levitt, 44 AD2d 157, lv denied 34 NY2d 518.) This is particularly true in this case where at the commencement of the article 78 proceeding, under claimant’s theory, she was seeking first and foremost the equitable relief of reinstatement. To allow her to sever off a cause of action for money damages for back salary for only a portion of this period would be to encourage wasteful piecemeal litigation. (See, Matter of Gross v Perales, 72 NY2d 231, 237, supra; but cf., Matter of Schwab v Bowen, 41 NY2d 907 [where equitable *942 relief becomes moot, money damages are no longer incidental].)
Thus, I hold that this claim is barred by the doctrine of res judicata. I therefore need not and do not reach the issue of timeliness. However, as an alternative basis for granting this motion, although not raised by the parties, in my opinion the claim fails to state a cause of action.
As stated above, the gravamen of the claim is that defendant could not enforce the arbitrator’s award unless and until it was judicially confirmed. Moreover, while in the prior proceedings, Justice Schoenfeld and the Appellate Division apparently assumed that to be the law, neither court addressed the issue because the award had been confirmed within the Statute of Limitations. The sole authority, however, claimant has cited for this proposition is article 34 of the collective bargaining agreement between her union and defendant. Therein of relevance is only the following statement: "The decision and award of the arbitrator shall be final and binding consistent with the provisions of CPLR article 75.”
While it is certainly true that article 75 provides a mechanism for obtaining a judicial confirmation of an arbitrator’s award, nowhere in that article is there a requirement that such be done. Professor Siegel is of the view that confirmation and the entry of judgment thereon are only necessary if the winner wants to seek judicial enforcement of the award. (Siegel, NY Prac § 601, at 969 [2d ed].) The Second Department has embraced this view. (County of Rockland v Aetna Cas. & Sur. Co., 129 AD2d 606; Hilowitz v Hilowitz, 85 AD2d 621 [arbitrator’s award on merits entitled to res judicata effect despite lack of confirmation].)
Alternatively, the status of the law in the First Department, where an appeal in this action would be venued (Court of Claims Act § 24), is unclear. In Matter of Allcity Ins. Co. (Vitucci) (151 AD2d 430) that tribunal in dictum stated that an unconfirmed arbitrator’s award is not entitled to res judicata effect. Justices Kupferman and Smith dissented and cited Hilowitz. (Supra, 151 AD2d, at 431.) The Court of Appeals then affirmed but on different grounds. (74 NY2d 879.) Moreover, in Protocom Devices v Figueroa (173 AD2d 177, 178) a unanimous panel of the First Department thereafter held that an unconfirmed arbitration award was "final and binding” citing Hilowitz (supra).
Thus, in the Second Department it is clear that unconfirmed *943 arbitrators’ awards are entitled to res judicata effect. What the law on this point is in the First Department is uncertain. Be that as it may, I have found no authority that would disallow a self-help enforcement of an unconfirmed award, even in the First Department, particularly where, as here, the award was eventually confirmed.
In the instant case, defendant had a completely sufficient means of enforcing the award without judicial intervention, to wit, it terminated claimant’s employment and stopped paying her salary. Inasmuch as the collective bargaining agreement did no more than incorporate article 75 by reference, and article 75 permits but does not require confirmation, the award was immediately enforceable by defendant without confirmation. The claim therefore fails to state a cause of action.
Defendant’s motion to dismiss is granted. Claimant’s cross motion to strike the sixth affirmative defense (res judicata) and the seventh affirmative defense (election of remedies) is denied for the same reasons. The cross motion to strike the other affirmative defenses is denied as moot.
Claimant has also cross-moved to amend the claim to add a cause of action under 42 USC § 1988 and to add an individual, Olivia Jackson, as a defendant. Although leave to amend is to be freely given (CPLR 3025), where the amendment on its face is meritless, it would be a waste of judicial time to permit it. (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3025:ll, at 360.) The State is not subject to liability in this court under 42 USC §§ 1983, 1988 (Will v Michigan Dept. of State Police, 491 US 58; Matter of Thomas v New York Temporary State Commn., 83 AD2d 723, affd 56 NY2d 656), and this court lacks jurisdiction to award money damages against an individual. (Court of Claims Act § 9; Eggner v State of New York, NYLJ, Apr. 23, 1984, at 12, col 1.) The proposed amendment therefore still fails to state a cause of action.
Finally, claimant cross-moves to file her claim nunc pro tune. Inasmuch as there is no authority for such a request (Byrne v State of New York, 104 AD2d 782, lv denied 64 NY2d 607), I will treat it as an application to file a late claim pursuant to Court of Claims Act § 10 (6). Under that statute, I must examine six specified factors, although an appearance of merit is generally the most important as it would be an exercise in futility to permit the filing of a legally defective claim. (Prusack v State of New York, 117 AD2d 729.) Focusing *944 only on that issue, since the proposed claim[2] fails to state a cause of action, it lacks an appearance of merit. (See, Matter of Santana v New York State Thruway Auth., 92 Misc 2d 1.) The application to file a late claim is therefore also denied.

. Neither of these letters has been submitted.

. Court of Claims Act § 10 (6) requires that the claim to be filed be annexed to the application. This has not been done. I am assuming that the filed claim together with claimant’s proposed amendments is the proposed claim.