◼ CHEMICAL BANK, Respondent, v EQUITY HOLDING CORP. et al., Appellants and Third-Party Plaintiffs-Appellants. INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Now Known as CIGNA, Third-Party Defendant-Respondent. [644 NYS2d 709]

In 1985, Indemnity issued a performance bond to defendants, the principals of a construction firm, for the performance of renovations on a brownstone in Brooklyn; defendants, in turn, secured the bond with a $100,000 certificate of deposit ("the CD") assigned to Indemnity and issued an undated sight draft allowing Indemnity to draw on the CD. The CD was held at Chemical Bank. A series of disputes arose over the performance of the renovations which culminated in a judgment issued in Kings County Supreme Court on June 1, 1988, which all but conclusively, barring reversal on appeal, found in

defendants' favor*, i.e., determined that Indemnity would not be liable on its performance bond. In the interim, Chemical Bank had released the funds in the CD to one of the defendants. On September 16, 1988, despite having no contemplated exposure on its bond and being entitled only to expenses and legal fees, Indemnity executed the sight draft and, thereafter, obtained summary judgment against Chemical Bank, recovering $107,500 upon settlement as to amount. The instant actions ensued.

Unjust enrichment occurs where a party holds property " 'under such circumstances that in equity and good conscience he ought not to retain it' [citation omitted]" and "does not require the performance of any wrongful act by the one enriched" (*Simonds v Simonds*, 45 NY2d 233, 242). Here, the IAS Court clearly misapplied the doctrine of unjust enrichment and erroneously granted summary judgment. Concur— Rosenberger, J. P., Wallach, Kupferman and Williams, JJ. [As amended by unpublished order entered Oct. 29, 1996.]

---

* On October 1, 1990, the Appellate Division, Second Department, issued decisions which concluded these disputes, *Karlan Constr. Co. v Burdick Assocs. Owners Corp.* (166 AD2d 416) and *Burdick Assocs. Owners Corp. v Indemnity Ins. Co.* (166 AD2d 402).