■ Solco Plumbing Supply, Inc., Plaintiff, v S & A Contracting, Inc., et al., Defendants, Action Electrical Contracting Co., Inc., Respondent, and United States Fire Insurance Company, Appellant. (And a Third-Party Action.) [689 NYS2d 177] —In an action, *inter alia,* to recover damages for goods sold and delivered, the defendant United States Fire Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Huttner, J.), dated February 24, 1998, as granted that branch of the motion of the defendant Action Electrical Contracting Co., Inc., which was for summary judgment on the issue of liability against it on its cross claim to recover under a subcontract performance bond and denied its cross application for summary judgment dismissing the cross claim of Action Electrical Contracting Co., Inc., against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The respondent, Action Electrical Contracting Co., Inc. (hereinafter Action), entered into a public works contract with the New York City Transit Authority. Action subcontracted with the defendant S & A Contracting, Inc. (hereinafter S & A), and the third-party defendant Capo Builders, Inc., to perform certain work on the project. The subcontract required the subcontractors to provide Action with, *inter alia,* a subcontract performance bond. S & A, as principal, and the appellant, United States Fire Insurance Company (hereinafter USFIC), as surety, issued the performance bond to the respondent. Subsequently, Action declared S & A in default under the subcontract and demanded that USFIC remedy the default of S & A.

Under the performance bond, USFIC, as surety, was obligated to remedy the default of its principal under the subcon-

tract on the condition that Action, as obligee under the bond, provide USFIC with reasonable notice of the default. Contrary to USFIC's contention, Action's papers in support of its motion for summary judgment established that it provided "reasonable notice" to USFIC of the default as Action notified USFIC in writing that its principal would be held in default within three days of such written notice and then sent a second written notice approximately eight days later directly to USFIC confirming the principal's default. Since USFIC was aware that "time [was] of the essence" under the subcontract, Action was entitled to summary judgment on the issue of liability against USFIC (*see, County of Rockland v Aetna Cas. & Sur. Co.,* 129 AD2d 606; *cf., Matter of Union Indem. Ins. Co.,* 234 AD2d 120, 122).

The remaining contentions of USFIC are without merit. S. Miller, J. P., Santucci, Sullivan and Florio, JJ., concur.