■ HUNTINGTON FIRE DISTRICT, Respondent-Appellant, v STEVEN HANDLIK CONSTRUCTION CORP., Defendant, and INTERNATIONAL FIDELITY INSURANCE COMPANY, Appellant-Respondent. (And a Third-Party Action.) [699 NYS2d 454] —In an action, *inter alia*, against a surety to recover on a performance bond, (1) the defendant International Fidelity Insurance Company appeals from so much of an order of the Supreme Court, Suffolk County (Gerard, J.), dated October 30, 1997, as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it, and (2) the plaintiff Huntington Fire District cross-appeals, as limited by its brief, from so much of the same order as denied its motion for partial summary judgment on the issue of liability on the first cause of action, for payment under the performance bond.

Ordered that the order is reversed insofar as cross-appealed from, on the law, and the plaintiff's motion is granted; and it is further,

Ordered that the order is affirmed insofar as appealed from, and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff contracted with the defendant Steven Handlik Construction Corp. (hereinafter SHCC) for SHCC to perform construction work on the plaintiff's firehouse. The contract provided, *inter alia,* that the plaintiff could terminate the contract if SHCC failed to make payments due to its subcontractors. After several mechanics' liens were served upon the plaintiff, the plaintiff terminated the contract on the ground that SHCC had failed to make payments due to its subcontractors. SHCC demanded arbitration, asserting that the plaintiff had breached the contract and owed it money under the contract. The plaintiff asserted that it had properly terminated the contract. The arbitrator awarded $176,137.20 to SHCC, but directed it to satisfy all justifiable liens of its subcontractors and suppliers. Upon a request by the plaintiff for clarification of the award, the arbitrator determined, *inter alia,* that the plaintiff had properly terminated the contract. The plaintiff then brought this action, among other things, for payment by the surety under a performance bond.

The Supreme Court improperly denied the motion of the plaintiff for partial summary judgment on the issue of liability on the first cause of action, for payment under the performance bond. "It is settled that the doctrine of res judicata is applicable to arbitration awards and may serve to bar the subsequent relitigation of a single issue or an entire claim" (*Matter of Ranni [Ross],* 58 NY2d 715, 717; *see also, Matter of Fidelity & Deposit Co. v Parsons & Whittemore Contrs. Corp.,* 48 NY2d 127; *Burdick Assocs. Owners Corp. v Indemnity Ins. Co.,* 166 AD2d 402). The arbitrator's award, as clarified, stating that the plaintiff had terminated the contract with SHCC "in accordance with the contract", and directing SHCC to satisfy all justifiable liens of its subcontractors and suppliers, implicitly determined that SHCC had breached the contract by failing to pay its subcontractors and suppliers. Accordingly, the defendant International Fidelity Insurance Company (hereinafter IFIC) as the surety, was required to pay for completion of the work (*see, Burdick Assocs. Owners Corp. v Indemnity Ins. Co., supra; Dimacopoulos v Consort Dev. Corp.,* 158 AD2d 658).

The remaining contentions of IFIC are without merit. S. Miller, J. P., O'Brien, McGinity and Feuerstein, JJ., concur.