■ JAMES McMENEMY et al., Appellants, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents.

[709 NYS2d 683] —Carpinello, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered April 6, 1999 in Albany County, which granted defendants' motion to dismiss the complaint for failure to exhaust administrative remedies.

Plaintiffs—correction sergeants employed by defendant Department of Correctional Services, their union and their union president—commenced this declaratory judgment action seeking a declaration that a certain job assignment practice is unlawful, namely, that defendants' assignment of back-to-back eight-hour work shifts within a regular 40-hour work week violates Labor Law § 168. Defendants filed a preanswer motion to dismiss on numerous grounds, which was granted by Supreme Court on the ground that plaintiffs failed to exhaust their administrative remedies. Plaintiffs appeal.

Prior to commencing this action, plaintiffs had grieved this particular practice through each of the three required steps of the parties' collective bargaining agreement, lost at each stage and then submitted the matter to arbitration resulting in a finding by the arbitrator that neither the collective bargaining agreement nor Labor Law § 168 was violated. With respect to this latter finding, the arbitrator relied upon the decision in *New York State Inspection, Sec. & Law Enforcement Empls. v New York State Dept. of Correctional Servs.* (Sup Ct, Albany County, Nov. 6, 1978, Cholakis, J.), which he found to be dispositive of the parties' grievance. Pursuant to article seven of the collective bargaining agreement, specifically paragraph 7.2 (b) (8), the arbitrator's decision in the matter was "final and binding upon the parties." None of the parties moved to vacate or confirm this award.

We affirm the dismissal of the complaint, but on different grounds than failure to exhaust administrative remedies. The grievance filed by plaintiffs alleged that defendants violated certain articles of the collective bargaining agreement *and* Labor Law § 168. Contrary to plaintiffs' contentions, the arbitrator resolved both of these issues, for right or for wrong, on the merits. By commencing this action, plaintiffs are simply attempting to relitigate the arbitrator's adverse finding that the subject practice does not violate Labor Law § 168, i.e., they are seeking to invoke judicial review of an alleged statutory violation *after* the precise issue was raised by them in the context of the grievance process and resolved against them on the merits (*see, Matter of Board of Educ. v Ambach,* 70 NY2d 501, 505, *cert denied sub nom. Margolin v Board of Educ.,* 485 US 1034; *compare, Stoetzel v Wappingers Cent. School Dist.,* 118 AD2d 636).

Certain arguments made by plaintiffs warrant brief discussion. In the complaint, they assert that the subject practice is *not* covered by the collective bargaining agreement and therefore "[n]o administrative processes or remedies exist with respect to [it]." Yet, they do not dispute that this very practice was the subject of the exhausted grievance process *initiated by them* during which *they themselves* asserted that the practice violated both the agreement and Labor Law § 168. Having chosen to submit the dispute to arbitration, thereby recognizing the practice as being a term and condition of employment covered by the collective bargaining agreement, plaintiffs are bound by the result.

In an attempt to avoid affirmance of the order on the alternative ground that they elected the remedy of arbitration and are collaterally estopped from relitigating the issue in this action, plaintiffs also assert that they "properly exhausted their contractual remedies" and that "[t]he product of that effort was the arbitrator's holding that he had *no authority* to decide the statutory issue" (emphasis supplied). They further assert that "[s]ince the statutory issue was *not* resolved by arbitrator, [plaintiffs] have properly sought judicial review" (emphasis supplied). These assertions are simply inaccurate. The arbitrator never ruled that he lacked authority to decide the statutory issue; rather, he found that he was bound by a 20-year-old Supreme Court decision (Cholakis, J.) and that this decision compelled him to *deny* the grievance. In short, the issue presented and the remedy sought in each forum were the same (*compare*, *Matter of Marino v Board of Educ.*, 262 AD2d 321, 322; *Matter of England v Commissioner of Educ. of State of N. Y.*, 169 AD2d 868, 870, *lv dismissed, lv denied* 77 NY2d 956), the arbitrator made a ruling on the merits and plaintiffs are estopped from pursuing a second review of the same issue in this forum (*see generally*, *East Ramapo Cent. School Dist. v East Ramapo Teachers Assn.*, 91 AD2d 969, *appeal dismissed* 59 NY2d 763).*

Mercure, Spain and Rose, JJ., concur; Cardona, P. J., not taking part. Ordered that the order is affirmed, without costs.

---

* Notably, the unconfirmed status of the arbitrator's decision does not preclude its collateral estoppel effect (*see*, *County of Rockland v Aetna Cas. & Sur. Co.*, 129 AD2d 606, 607, *lv denied* 70 NY2d 603; *Ecker v Lerner*, 123 AD2d 661; *Hilowitz v Hilowitz*, 85 AD2d 621).