Weston Patterson, J.
(concurring in part and dissenting in part and voting to affirm the order): While I agree with the majority that plaintiffs claims fall within the scope of the arbitration provision of Bally’s Employee Dispute Resolution Procedures, I disagree with the majority’s decision to stay this action pending arbitration. In my view, the dismissal of plaintiffs action was not based on the existence of an arbitration agreement, but rather on plaintiffs relitigation of issues that were already decided in a prior Civil Court order. Thus, I vote to affirm.
A party is collaterally estopped from relitigating an issue where the issue is identical to that litigated in a prior action and where the party against whom the issue was decided had a full and fair opportunity to be heard (see Kaufman v Eli Lilly & Co., 65 NY2d 449, 455 [1985]; Taylor v Ashby, 134 AD2d 248, 250 [1987]). As in the prior action brought by him, plaintiff below did nothing more than challenge the arbitration provision as unconscionable. Since the validity of that provision was previously upheld by this court, plaintiff is barred from relitigating *96 the issue here. Thus, in my opinion, the court below properly dismissed plaintiffs action on the ground that it raised claims that were identical to the prior action.
By voting to affirm the dismissal here, I do not, as the majority suggests, wish to perpetuate any error made by this court on plaintiffs appeal from the prior Civil Court order (see Thomas v Bally’s Total Fitness Corp., 12 Misc 3d 131[A], 2006 NY Slip Op 51053[U] [App Term, 2d & 11th Jud Dists 2006]). To the contrary, I agree with the majority that it was erroneous to uphold the dismissal of the first action where the dismissal was based exclusively on the existence of an arbitration agreement, and not on the merits of plaintiffs complaint (see Allied Bldg. Inspectors Intl. Union of Operating Engrs., Local Union No. 211, AFL-CIO v Office of Labor Relations of City of N.Y., 45 NY2d 735, 738 [1978]). Here, however, the court below dismissed the action solely on the ground that it was identical to the first action, and not on the existence of an arbitration agreement. Moreover, a dismissal does not preclude plaintiff from arbitrating his claims, nor does it preclude him from subsequently bringing an action confirming or challenging the arbitrator’s award.
Accordingly, I would affirm the order below.
Pesce, PJ., and Belen, J., concur; Weston Patterson, J., concurs in part and dissents in part in a separate memorandum.