*956 OPINION OF THE COURT
Barbara Jaffe, J.
Plaintiff sues defendant for $24,878.84 representing sums loaned to defendant between October 22, 2005 and February 5, 2006. Prior thereto, defendant sued plaintiff for $5,000 in the small claims part and won a judgment against him for $200 along with a dismissal of plaintiff’s counterclaim for “money loaned” in the amount of $5,000. The court presiding in the small claims action observed that the evidence adduced in support of the counterclaim included $41,000 worth of loans, albeit $20,500 of that amount had been paid back. (Affirmation of Laurence H. Pearson, Esq., dated Oct. 18, 2007, exhibits D, E.)
Defendant now moves pursuant to CPLR 3211 (a) (5) for an order dismissing the complaint on the grounds of res judicata, collateral estoppel, and improper splitting of a cause of action, alleging that the prior dismissal of plaintiff’s counterclaim bars this action. (Affirmation of Laurence H. Pearson, Esq., dated Oct. 18, 2007.) He relies on the decision in which the judge presiding in the small claims case stated that plaintiff had sought $5,000 as full repayment of the loans. (Id., exhibit E.)
Plaintiff opposes the motion and denies that the dismissal of his counterclaim mandates the dismissal of the instant action which he claims is based on different loans arising from his having advanced money to defendant for two airline tickets and two cruises, and on a claim for two unauthorized withdrawals from his bank account. (Affidavit of Mansoor Qureshi, dated Oct. 25, 2007.) Although he maintains that his counterclaim in the small claims matter was for a $5,000 loan he made to defendant by check dated November 28, 2005, he admits having shown the presiding judge evidence relating to some $41,000 in loans he made to defendant, approximately half of which remains outstanding.
In reply, defendant maintains that the denial of his motion could result in contradictory decisions concerning “the identical issue of whether Plaintiff has marshaled sufficient proof to meet his burden of convincing the trier of fact that there was an agreement between the parties that these[ ] payments were loans which would be repaid.” (Reply affirmation of Laurence H. Pearson, Esq., dated Nov. 8, 2007.) He also complains that he must now “again [have] to expend substantial sums of money in defense of a claim which has already been rejected” (affidavit of Timothy J. Hanlon, dated Nov. 8, 2007).
*957 In the interests of providing finality to the resolution of lawsuits and assuring parties that they will not be troubled by further litigation, a valid judgment bars future actions between the same parties on the same cause of action. (Matter of Reilly v Reid, 45 NY2d 24, 27-28 [1978].) Thus, where a claim has been litigated and resolved in a prior proceeding arising from the same “factual grouping” or “transaction” and should have or could have been resolved in the prior proceeding, it is dismissed as res judicata. However, where two claims arise from one course of dealing, the second claim is not barred if the elements of proof and the evidence necessary to prove those elements vary materially from the first claim. (Reilly, 45 NY2d 24, 30 [1978].)
A small claims judgment may also be advanced as an affirmative defense on the ground of res judicata, but not collateral estoppel. (NY City Civ Ct Act § 1808; Siegel, NY Prac § 585 [2d ed]; Omara v Polise, 163 Misc 2d 989, 990 [App Term, 2d & 11th Jud Dists 1995].) Moreover, despite the jurisdictional limit on small claims, the voluntary presentation of a counterclaim which exceeds $5,000 in value is deemed a waiver of the right to seek the balance in the regular part of the court, assuming, of course, that the balance arises from the same transaction. (Silberstein v Begun, 232 NY 319, 323-324 [1922]; Bluestone v Capogrosso, 12 Misc 3d 132[A], 2006 NY Slip Op 51165[U] [App Term, 1st Dept 2006].)
Here, by presenting evidence of allegedly unpaid loans totaling $41,000 at the small claims proceeding, plaintiff has waived his right to seek repayment of the $20,500 balance. However, in contrast to the circumstances presented in Ecker v Lerner (123 AD2d 661 [2d Dept 1986]) and Yarmosh v Lohan (16 Misc 3d 1119[A], 2007 NY Slip Op 51513[U] [Suffolk Dist Ct 2007]), plaintiffs payments of defendant’s vacation costs arose in different contexts from the loans addressed in the small claims proceeding, and although he has not advanced a cause of action for conversion, his allegation that defendant withdrew funds without authorization is distinct from those loans. Thus, absent a sufficient factual basis for finding that the $4,378.84 plaintiff paid for defendant’s vacations was part of the same “factual grouping” or “transaction” giving rise to the loans, I find that plaintiff has not waived his right to seek reimbursement for that amount or for the $403.25 in allegedly unauthorized bank withdrawals. He is also not estopped from litigating facts asserted during the course of the small claims proceeding. For the *958 same reasons, I find that plaintiff has not improperly split these claims.
Accordingly, defendant’s motion for an order granting him summary judgment dismissing the action is granted to the extent that the claim is hereby reduced to $4,782.09.